On Rehearing Ex Mero Motu

MOORE, Judge.
This court’s opinion of February 27, 2009, is withdrawn, and the following is substituted therefor.
T.B. (“the mother”) appeals from a judgment purporting to award custody of her child, J.G., to the child’s maternal grandmother and maternal stepgrandfather (“the maternal grandparents”). We dismiss the appeal as being from a void judgment.
On June 22, 2007, the maternal grandparents filed a petition in the Lee Juvenile Court, which was assigned case number JU-07-420.01, requesting that the juvenile court declare the child dependent and award them temporary emergency custody of the child. That same day, the juvenile court entered an order awarding the maternal grandparents temporary legal and physical custody of the child. After a July 6, 2007, hearing, the juvenile court entered a pendente lite order with the consent of all the parties on August 6, 2007; that order provided that the maternal grandparents and the mother would exercise joint legal and physical custody of the child. Following a subsequent hearing on August 22, 2007, the juvenile court entered an order providing that the maternal grandparents would have temporary custody of the child and that the mother would have visitation; the juvenile court also set the matter for a final hearing.
After the final hearing, the juvenile-court judge stated to the parties that he believed that the maternal grandparents
“ha[d] established by clear and convincing evidence the material allegations in the petition. However, [the court is] of the opinion that this — even though dependency is alleged, that this is, in fact, a custody case.... ”
The judge explained that he was finding that the mother had voluntarily relin *431 quished custody of the child to the maternal grandparents and that the mother had subjected the child to emotional abuse to such a degree as to render her unfit and improper to be entrusted with the care and upbringing of the child. The judge then stated that “[t]he appeal time will be 42 days from the date of this judgment, because I am the circuit court judge sitting in the trial of this case.” Finally, the judge stated that he was going to award custody of the child to the maternal grandparents under the standard enunciated in Ex parte McLendon, 455 So.2d 863 (Ala.1984) — that the change of custody from the mother to the maternal grandparents would materially promote the best interests of the child and would more than offset the disruptive effect inherent in the transfer of custody.
The judge subsequently rendered a judgnent, which was entered under case number JU-07-420.01, on June 23, 2008. That judgment restated most of the oral pronouncements of the judge: that although dependency was alleged, the judge considered the case to be a custody case; that the mother had voluntarily relinquished custody of the child to the maternal grandparents; that the mother had emotionally abused the child, rendering her unfit to have custody of the child; and that the maternal grandparents had proven that the change in custody from the mother to the maternal g’andparents satisfied the McLendon standard. The judgment awarded custody of the child to the maternal grandparents, subject to certain visitation privileges of the mother. The judgment also stated that any appeal from the judgment must be filed within 14 days. The judge purported to sign the judgnent in his capacity as a circuit-court judge. On July 7, 2008, the mother filed a motion to alter, amend, or vacate the judgment. That motion was denied by operation of law on July 21, 2008. See Rule 1(B), Ala. R. Juv. P. The mother filed her notice of appeal on August 4, 2008.
“Although neither party has raised an issue regarding this court’s jurisdiction, ‘ “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” ’ ” C.D.S. v. K.S.S., 963 So.2d 125, 129 n. 3 (Ala.Civ.App.2007) (quoting Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997), quoting in turn Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)).
Juvenile courts are purely creatures of statute and have extremely limited jurisdiction. See Ex parte K.L.P., 868 So.2d 454, 456 (Ala.Civ.App.2003). That limited jurisdiction allows a juvenile court to make a disposition of a child in a dependency proceeding only after finding the child dependent, V.W. v. G.W., 990 So.2d 414, 417 (Ala.Civ.App.2008) (quoting K.B. v. Cleburne County Dep’t of Human Res., 897 So.2d 379, 389 (Ala.Civ.App.2004) (Murdock, J., concurring in the result)) (“ ‘[I]n order to make a disposition of a child in the context of a dependency proceeding, the child must in fact be dependent at the time of that disposition.’ ”).
In the case at bar, the maternal grandparents’ allegation that the child was dependent was the only basis for the juvenile court’s jurisdiction to make a final determination as to the custody issue.[1] In the final judgment and in his earlier oral *432 pronouncement, the juvenile-court judge declared that he had found that the maternal grandparents had proven the material allegations in them petition by clear and convincing evidence. That statement, standing alone, would indicate that the juvenile court had found the child dependent. The maternal grandparents did allege in their petition that the child was dependent, and allegations of dependency must be proven by clear and convincing evidence. See Ala.Code 1975, § 12-15-65(f). However, the judge plainly stated in the judgment, as he did at the end of the final hearing, that “the [juvenile court] is of the opinion that even though dependency is alleged, ... this, in fact, is a custody case.” See A.L. v. S.J., 827 So.2d 828, 838 (Ala.Civ.App.2002) (when parties disputed whether underlying action was dependency action, facts that trial court, a juvenile court, stated that “ ‘[t]here is nothing that does indicate that this is a dependency case’” and that trial court made no express finding of dependency supported conclusion that action was not a dependency action). Based on that premise, the court then proceeded to find that the mother had voluntarily relinquished custody of the child to the maternal grandparents and that the mother was unfit to have custody of the child. Those findings are essential to overcome the presumption in favor of parental custody in a child-custody case between a parent and a non-parent, see Ex parte Terry, 494 So.2d 628 (Ala.1986) (also holding that those facts must be proven by clear and convincing evidence), but those findings are not required in a dependency case. See O.L.D. v. J.C., 769 So.2d 299, 302 (Ala.Civ.App.1999) (“This case is not simply a custody dispute between a parent and nonparent, but, rather, is a dependency case; therefore, Terry is not applicable.”); J.P. v. S.S., 989 So.2d 591 (Ala.Civ.App.2008); and W.T.H. v. M.M.M. 915 So.2d 64 (Ala.Civ.App.2005); see also K.B. v. Cleburne County Dep’t of Human Res., 897 So.2d 379, 387 (Ala.Civ.App.2004) (holding that Terry “ ‘parental unfitness’ ” standard is “more stringent” than the dependency “best interests” standard). Likewise, the finding that the maternal grandparents had met the McLendon standard is inconsistent with a disposition under the dependency statute, which is governed by the “best interests” standard. See L.L.M. v. S.F., 919 So.2d 307, 311 (Ala.Civ.App.2005) (“Because this is a dependency ease, the juvenile court needed to determine only if transferring legal custody of the child to the father was in the best interest of the child.... The juvenile court’s determination of dependency obviated any necessity to apply the heightened custody-modification standard found in Ex parte McLendon.”). We therefore conclude that the final judgment reflects the juvenile court’s intention to treat the case as a custody case, not a dependency case. Once the juvenile court decided that the case would not be decided on dependency principles, the juvenile court had no jurisdictional basis for determining custody of the child. See, e.g., C.D.S., 963 So.2d at 130.
As he explained to the parties at the final hearing and as indicated by his signature on the final judgment, the judge attempted to adjudicate the matter as a custody dispute under his authority as a circuit-court judge. However, neither party had invoked the jurisdiction of the circuit court by filing a complaint regarding the custody of the child in the circuit court. Moreover, the judgment rendered by the judge was entered under the juvenile-court case number, thus indicating that no new circuit-court action had ever been commenced.[2]
*433 In C.D.S. v. K.S.S., supra, a circuit-court judge in Houston County also served as a juvenile-court judge. 963 So.2d at 127 n. 2. In his capacity as a circuit-court judge, the judge in C.D.S. appointed a guardian ad litem for two children who were the subject of a postdivorce custody dispute. 963 So.2d at 126-27. Based on the misconduct of the parents as revealed in the circuit-court proceeding, the guardian ad litem filed a dependency petition in the juvenile court. 963 So.2d at 127. After purporting to enter a judgment finding the children dependent in the circuit-court proceeding, the judge transferred the circuit-court case to the juvenile court. Id. Acting in his capacity as a juvenile-court judge, the judge, on a motion filed by the children’s father, denied the dependency petition filed by the guardian ad litem as moot. 963 So.2d at 128. Subsequently, the judge rendered a judgment that was later entered under the juvenile-court case number purporting to grant the mother’s motion to modify custody, which had been filed in the circuit court. Id.
On appeal, the father argued that the juvenile court had erred in modifying custody of the child. 963 So.2d at 129. This court, acting ex mero motu, 963 So.2d at 129 n. 3, first determined whether the juvenile court had had jurisdiction to enter the custody-modification judgment. This court held that, once the juvenile court denied the dependency petition, it lost jurisdiction to enter any judgments affecting the custody of the children, whose custody could be decided only by the circuit court. 963 So.2d at 130. In a footnote, this court observed that, although the judge served as both a juvenile-court judge and a circuit-court judge, that fact did not enable the judge to enlarge the jurisdiction of the juvenile court. 963 So.2d at 130 n. 5. Hence, this court held that the judgment rendered by the judge and entered under the juvenile-court case number was a void judgment that would not support an appeal. 963 So.2d at 130.
In this case, like in C.D.S., the judge attempted to exercise his powers as a circuit-court judge to decide a custody case in a juvenile-court proceeding. However, also like in C.D.S., the judge had no jurisdiction to adjudicate custody of the child in the juvenile court once he determined that the case was not a dependency case. Although cloaked with the authority to act as a circuit-court judge, that authority did not enable the judge to enlarge the jurisdiction of the juvenile court and rule on matters outside that court’s jurisdiction. Therefore, the final judgment entered in case number JU-07-420.01, as well as any pen-dente lite order entered by the juvenile court affecting the custody of the child and all the proceedings after the court elected to treat this case as a custody case and not a dependency case, are void.
“[A] judgment entered without subject-matter jurisdiction is void, ... and ... a void judgment will not support an appeal.” K.R. v. D.H., 988 So.2d 1050, 1052 (Ala.Civ.App.2008). Therefore, we dismiss the appeal as being from a void *434 judgment, albeit with instructions to the juvenile court that it set aside its void judgment and orders.[3]
ON REHEARING EX MERO MOTU: OPINION OF FEBRUARY 27, 2009, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and BRYAN and THOMAS, JJ., concur.
PITTMAN, J., concurs in the result, without writing.

. In their petition, the maternal grandparents had also attempted to invoke the juvenile court’s temporary emergency jurisdiction, pursuant to Ala.Code 1975, § 12-15-153; however, the juvenile court's orders do not indicate that it concluded that the case presented an emergency. In fact, in the juvenile court’s August 6, 2007, pendente lite order, it awarded the mother and the maternal grandparents joint custody. Even so, the judgment from which the mother appeals purports to be a final custody determination, not a temporary order entered pursuant to § 12-15-153.

. The judgment indicates that it may be appealed within 14 days, which is the appeal period for final judgments "issued by a juvenile court.” Rule 4(a)(1)(E), Ala. R.App. P. That declaration further indicates that no party had initiated a separate circuit-court action.
It may be argued that this same language *433 indicates the judge's intent to act as a juvenile-court judge in entering the judgment; however, a juvenile court may not adjudicate a custody case outside the context of a dependency proceeding unless the child is "otherwise before the court." Ala.Code 1975, § 12-15 — 30(b)(1). In this case, the child was before the court based only on the dependency allegations; hence, once it declined to treat the case as a dependency case, the juvenile court did not have any jurisdiction to decide the custody dispute. Its recitation of the 14-day appeal period applicable to juvenile-court judgments does not confer jurisdiction that is lacking.

. We note that the record indicates that the child's mother and father were divorced in the state of Hawaii and that the Hawaii court awarded custody of the child to the mother. It is unclear whether the juvenile court made a determination that it had jurisdiction to modify the Hawaii custody judgment, pursuant to Ala.Code 1975, § 30-3B-203. Because we are dismissing this case on the basis that the juvenile court had no subject-matter jurisdiction, it is not necessary for us to comment further on this issue.