On Application for Rehearing

MOORE, Judge.
On application for rehearing, S.A.M. argues that the Cullman Juvenile Court had jurisdiction to hear the custody-modification action because, he says, (1) the Shelby Circuit Court conferred jurisdiction on the Cullman Juvenile Court by transferring the action and ordering that it be consolidated with a pending dependency action and (2) the Alabama Supreme Court conferred jurisdiction on the Cullman Juvenile Court by appointing a judge to hear the custody-modification action along with the dependency action. We find both of those arguments unpersuasive.
With regard to S.A.M.’s first argument, we note that this court has determined that a circuit court’s transferring a custody-modification action to a juvenile court does not confer subject-matter jurisdiction on the juvenile court. C.D.S. v. K.S.S., 963 So.2d 125, 130 n. 5 (Ala.Civ.App.2007). With regard to the second argument, we note that the custody-modification action had already been transferred to the Cullman Juvenile Court when all the juvenile-court judges of Cullman County recused themselves and the Alabama Supreme Court appointed a judge to hear the case. That appointment did not confer subject-matter jurisdiction on the juvenile court. Instead, according to the express language of the supreme court’s order, it only conferred the “full authority of a regular circuit judge of Cullman County.”
S.A.M. also makes an argument with regard to the merits of the appeal. Because we conclude that we correctly dismissed the appeal, we have no need to address that argument.
Based on the foregoing, we overrule S.A.M.’s application for rehearing.
APPLICATION OVERRULED.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
THOMAS, J., recuses herself.