MOORE, Judge.
L.R.J. (“the mother”) appeals from a judgment of the Montgomery Juvenile Court (“the juvenile court”) to the extent that it awarded C.F. (“the father”)[1] supervised visitation with L.A.F. (“the child”) and ordered both parents to participate in a coparenting class. We dismiss the appeal.
On January 26, 2010, the mother filed a “Dependent Complaint Custody Affidavit and Petition” in the juvenile court, alleging that the child was dependent because “[t]he [child’s] parents, guardian, or other custodian, are unable to discharge responsibilities to and for the child.” Specifically, she alleged that “[t]he father is verbally and physically aggressive toward[] the mother and places the child in harm’s way”; she requested that she be awarded “sole custody” of the child and that any visitation awarded to the father be supervised. Following a hearing on October 18, 2010, the juvenile court entered a “Temporary Order” on November 1, 2010, that stated, among other things:
*686 “THIS CAUSE comes before the Court for a Petition for Custody filed by the Mother....
“Upon consideration of the relevant and admissible evidence presented herein, including the demeanor and veracity of the witnesses, the Court finds and it is hereby,
“ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:
[[Image here]]
“3. The parties have submitted CS-41’s and a CS^2 to this Court. It is therefore Order[ed] that the Father shall pay to the Mother the sum of $324.00 per month in temporary child support. An [income withholding order] shall be issued to the Father’s employer. Until such time as payments are made by the employer, it shall be the Father’s responsibility to pay the sum to the Mother monthly beginning November 1, 2010.
“4. The Father and [the] Mother have agreed to visitation as follows:
“a) The Father shall exercise visitation at the Maternal Grandparents home with the Maternal Grandparents and/or the Mother present.
“b) The Father shall coordinate with the Mother for all of his visitation requests prior to his visitation.
“5. The Court takes notice of a Restraining Order issued by the Municipal Court of Montgomery, Alabama. The Order states in part that the Father is prohibited from telephoning or contacting the Mother; to stay away from the home of the Mother; and to stay away from the Mother’s employment. The Court is under the understating that the parties have agreed that the Father may contact the Mother and go to the Mother’s home for the sole purpose of visiting the minor child. Should any altercations occur, this Court shall be notified and take any action it deems necessary upon consideration of the facts and testimony of the parties.
“6. A Final Hearing on all matters shall be held on January 31, 2011....”
(Capitalization in original; bold typeface omitted; emphasis added.) On January 31, 2011, the juvenile court held a final hearing; it entered a judgment that same day, awarding the mother sole legal and physical custody of the child, awarding the father supervised visitation, ordering the father to complete anger-management classes, and ordering both parties to participate in a coparenting class. On February 2, 2011, the mother filed her notice of appeal to this court.
On appeal, the mother argues that the juvenile court exceeded its discretion in awarding the father visitation and in requiring her to participate in a coparenting class with the father. Initially, however, we must determine whether the juvenile court had jurisdiction to enter its January 31, 2011, judgment. “[A] lack of subject-matter jurisdiction is not subject to waiver by the parties, and it is our duty to consider a lack of subject-matter jurisdiction ex mero motu.” Ex parte T.C., 63 So.3d 627, 630 (Ala.Civ.App.2010).
Pursuant to Ala.Code 1975, § 12-15-114(a), juvenile courts have jurisdiction over dependency actions. That Code section provides, however, that a “dependency action shall not include a custody dispute between parents.” In Ex parte T.C., 63 So.3d at 630, this court held that, in enacting that statute, “[t]he clear intent of the Legislature was to provide that the juvenile courts of this state should no longer be deciding custody disputes except insofar as their resolution is directly incidental to core juvenile-court jurisdiction.”
*687 “Juvenile courts are purely creatures of statute and have extremely limited jurisdiction. See Ex parte K.L.P., 868 So.2d 454, 456 (Ala.Civ.App.2003). That limited jurisdiction allows a juvenile court to make a disposition of a child in a dependency proceeding only after finding the child dependent. V.W. v. G.W., 990 So.2d 414, 417 (Ala.Civ.App.2008) (quoting K.B. v. Cleburne County Dep’t of Human Res., 897 So.2d 379, 389 (Ala.Civ.App.2004) (Murdock, J., concurring in the result)) (“‘[I]n order to make a disposition of a child in the context of a dependency proceeding, the child must in fact be dependent at the time of that disposition.” ’).”
T.B. v. T.H., 30 So.3d 429, 431 (Ala.Civ.App.2009); see also K.C.G. v. S.J.R., 46 So.3d 499, 501-02 (Ala.Civ.App.2010) (“If a juvenile court determines that the child is not dependent, the court must dismiss the dependency petition.... On the other hand, if, and only if, a juvenile court finds that the child is dependent, the court may then conduct proceedings to determine the custodial disposition of the child.”).
In the present case, although the mother alleged in her petition that the child was dependent, the juvenile court treated the case as a pure custody dispute between the mother and the father. In fact, in the temporary order entered on November 1, 2010, the juvenile court stated that the cause was before the court on “a Petition for Custody filed by the Mother.” Additionally, the juvenile court stated at the beginning of the final hearing: “We are here this morning on a petition for temporary custody that has been filed by the mother.” Furthermore, in the juvenile court’s January 31, 2011, judgment, it did not find the child dependent. Because the juvenile court did not determine the child to be dependent, it lacked jurisdiction to enter a judgment affecting the custody of the child. T.B., 30 So.3d at 431. Thus, the juvenile court’s January 31, 2011, judgment is void.[2] See, e.g., R.T. v. B.N.H., 66 So.3d 807, 812 (Ala.Civ.App.2011). “ ‘This court is required to dismiss an appeal from a void judgment.’ ... Accordingly, we dismiss the [mother’s] appeal as being from a void judgment, albeit with instructions to the juvenile court to vacate [its void judgment.]” R.T., 66 So.3d at 812 (quoting Owens v. Owens, 51 So.3d 364, 367 (Ala.Civ.App.2010)).
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. The parties were never married. Although there is no indication that paternity has ever been established, neither party requested a paternity adjudication, the parties referred to C.F. as "the father” throughout the proceedings, and the juvenile court referred to C.F. as "the father” during the trial and in the final judgment.

. Because the November 1, 2010, order is not relevant to the disposition of this appeal, we need not determine whether the juvenile court properly exercised its jurisdiction pursuant Ala.Code 1975, § 12-15-138, which provides that a juvenile court, "on an emergency basis, may enter an order of protection or restraint to protect the health or safety of a child.” We note that, even if that order was properly entered, any emergency situation would have been resolved at that time and would not have extended the juvenile court’s jurisdiction to enter the January 31, 2011, judgment. See R.T., 66 So.3d at 811.