MOORE, Judge.
C.C., the paternal grandfather of L.L. (“the child”), appeals from a judgment of the Talladega Juvenile Court (“the juvenile court”) denying his dependency petition. We affirm the juvenile court’s determination that the child is not dependent and remand the cause for the juvenile court to dismiss the paternal grandfather’s petition.

Background

S.L., the mother, gave birth to the child either in June 2000 or in June 2001.[1] The mother is incarcerated, and although T.C., the child’s alleged or presumed father, has previously sought custody of the child, he is no longer involved with the child. On September 11, 2003, the juvenile court awarded custody of the child to B.L., the child’s maternal grandmother.
On January 7, 2011, the paternal grandfather filed a petition alleging that the child was dependent because the maternal grandmother had neglected him, had failed to provide the child with a stable home, had allowed or caused the child to miss excessive days of school, and had, at times, allowed the child to live with third parties. The paternal grandfather sought custody of the child.
On December 26, 2012, the juvenile court conducted an evidentiary hearing on the paternal grandfather’s dependency petition. At that hearing, the paternal grandfather relied on evidence that had been presented to the juvenile court at previous pendente lite hearings.[2] The paternal grandfather called no witnesses, and he offered no evidence before resting his case. The paternal grandfather’s lawyer argued that the paternal grandfather’s home was more appropriate for the child and that the paternal grandfather was more financially sound than the maternal grandmother; that the maternal grandmother’s home was unstable and that she had moved frequently in recent years; that the child had been excessively absent from school while in the maternal grandmother’s care; that the maternal grandmother had raised the child’s mother, who had ended up in. prison; that the paternal grandmother had a history with the Department of Human Resources; and that, although the child has asthma, cigarette butts had been found outside the maternal grandmother’s home.
*1128 The maternal grandmother’s lawyer responded that the paternal grandfather had failed to establish that the child was dependent and that whether he was a better provider or a better custodian than the maternal grandmother was not relevant to the issue of dependency. The child’s guardian ad litem recommended that the juvenile court deny the dependency petition based on the lack of evidence presented as well as her own investigation.
The juvenile court noted that all previous orders entered in the action had been based on the agreement of the parties and that the child had not been found to be dependent since the filing of the paternal grandfather’s January 2011 petition. The juvenile court rendered its decision from the bench, stating that it could not making a finding of dependency and that, as a result, it lacked jurisdiction to rule on the custody and visitation issues raised by the paternal grandfather. The juvenile court entered a judgment on that same date denying the paternal grandfather’s petition. The paternal grandfather timely filed his notice of appeal.[3]

Analysis

? paternal grandfather challenges the juvenile court’s denial of his dependency petition. He argues that the child was dependent and, therefore, that custody should have been awarded to him.
We disagree.
The only evidence in the record even remotely relevant to the issue of the child’s dependency is a court report prepared in 2002 or 2003 by the Department of Human Resources and an ex parte order entered by the juvenile court in January 2011 that noted the child’s purportedly excessive absences from school. After service of process on the maternal grandmother, however, that ex parte order was vacated.
The burden of establishing the child’s dependency was on the petitioner, i.e., the paternal grandfather. See, e.g., C.E.W. v. P.J.G., 14 So.3d 166 (Ala.Civ. App.2009) (noting that, in a termination-of-parental-rights case brought by a third-party custodian against a parent, the custodian, as the party filing the petition, bore the burden of proof as to the child’s dependency and as to the lack of viable alternatives to termination); and Ex parte Big Four Coal Min. Co., 213 Ala. 305, 306, 104 So. 764, 764-65 (1925) (“It should further be observed that a party as petitioner in [a] suit must discharge the burden of proof imposed upon him by law and material to the issue being tried.... Failing in the discharge of the burden of proof ..., no recovery could be had.”).
Additionally, although the paternal grandfather may have pointed the juvenile court to evidence that had previously been submitted to and considered by the juvenile court regarding the issue of dependency, i.e., home evaluations and testimony presented at pendente lite hearings, that evidence is not contained in the record on appeal. “It is well settled that an appellant has the burden of presenting a record containing sufficient evidence to show error by the trial court.” Leeth v. Jim Walter Homes, Inc., 789 So.2d 243, 246 (Ala.Civ.App.2000). Additionally, “ ‘it is the appellant’s duty to ensure that the appellate court has a record from which it can conduct a review. Further, in the absence of evidence in the record, this Court will not assume error on the part of the trial court.’ ” Dunlap v. Regions Fin. Corp., 983 So.2d 374, 377 n. 3 (Ala.2007) (quoting Zaden v. Elkus, 881 So.2d 993, 1009 (Ala.2003)). Because the record contains nothing to establish the child’s dependency, we cannot conclude that the ju *1129 venile court erred in failing to find the child dependent.
The paternal grandfather next asserts that the juvenile court erred by failing to grant him visitation with the child. In light of the juvenile court’s finding that the child was not dependent, the juvenile court lacked jurisdiction to enter a judgment affecting the custody of the child, including visitation. As this court stated in J.A. v. C.M., 98 So.3d 958 (Ala.Civ.App.2012):
‘“Juvenile courts are purely creatures of statute and have extremely limited jurisdiction. See Ex parte K.L.P., 868 So.2d 454, 456 (Ala.Civ.App.2003). That limited jurisdiction allows a juvenile court to make a disposition of a child in a dependency proceeding only after finding the child dependent. V.W. v. G.W., 990 So.2d 414, 417 (Ala.Civ.App.2008) (quoting K.B. v. Cleburne County Dep’t of Human Res., 897 So.2d 379, 389 (Ala.Civ.App.2004) (Murdock, J., concurring in the result)) (“ ‘[I]n order to make a disposition of a child in the context of a dependency proceeding, the child must in fact be dependent at the time of that disposition.’ ”).’
“T.B. v. T.H., 30 So.3d 429, 431 (Ala.Civ.App.2009) (first emphasis added). Furthermore, this court has held that, in a dependency action, ‘[i]f a juvenile court determines that the child is not dependent, the court must dismiss the dependency petition.’ K.C.G. v. S.J.R., 46 So.3d 499, 501-02 (Ala.Civ.App.2010). See also § 12-15-310(b), Ala.Code 1975 (‘If the juvenile court finds that the allegations in the [dependency] petition have not been proven by clear and convincing evidence, the juvenile court shall dismiss the petition.’).”
93 So.3d at 954-55.
Because the juvenile court determined that the child was not dependent, it correctly determined that it lacked jurisdiction to enter a judgment affecting custody and visitation matters regarding the child. The juvenile court, however, erred by denying the paternal grandfather’s dependency petition rather than dismissing it, as required by § 12 — 15—310(b), Ala.Code 1975. We, therefore, affirm the juvenile court’s judgment as to the issue of dependency, but instruct the juvenile court to enter a judgment dismissing the paternal grandfather’s petition.
AFFIRMED IN PART AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. The record indicates that the child was bom in June 2000, but the paternal grandfather’s brief to this court indicates that the child was born in June 2001.

. That evidence is not contained in the record before this court.

. The maternal grandmother has not filed an appellee's brief.