THOMPSON, Presiding Judge.
In April 2010, E.C. (“the maternal grandmother”) and her husband, S.C., filed a petition in the Lauderdale Juvenile Court (“the juvenile court”) alleging that their grandson, C.C.W. (“the child”), was dependent as a result of the conduct of his mother, S.W. (“the mother”); the mother is the daughter of the maternal grandmother and the stepchild of S.C. In the dependency petition, the maternal grandmother and S.C. alleged, among other things, that the mother often left the child with them for extended periods without checking on the child and that the mother had no job and no residence; moreover, in their dependency petition, the maternal grandmother and S.C. alleged that the child’s father was “unknown.” On May 4, 2010, the juvenile court entered an order awarding pendente lite custody of the child to the maternal grandmother and S.C. During the pendency of the underlying action, the juvenile court entered several interim orders, all of which continued pen-dente lite custody of the child with the maternal grandmother and S.C.
On May 21, 2010, M.D. filed in the juvenile court a document asserting that he was the child’s father and seeking to intervene in the dependency action. The record contains no order specifically establishing M.D.’s paternity, but none of the other parties disputed M.D.’s assertion that he is the child’s father. A January 6, 2011, order of the juvenile court required the “parents” to pay child support for the benefit of the child. A later, July 11, 2012, order awarded “the mother, S.W., and the father, M.D.,” pendente lite custody of the child after the maternal grandmother died in a house fire; we note that that order was set aside on the same day it was entered. Accordingly, we hereinafter refer to M.D. as “the father.”
The juvenile court conducted hearings over five separate days between October 2011 and June 2013. After the first three of those hearings, and after the death of the maternal grandmother, D.D. (“the paternal grandmother”) filed a petition in February 2013 seeking to intervene in the dependency action. In her petition, the *212 paternal grandmother alleged that the child was dependent, and she sought an award of custody of the child.
On June 24, 2013, the juvenile court entered a judgment awarding custody of the child to S.C., the child’s stepgrandfa-ther, awarding the mother and the father visitation, and dismissing the paternal grandmother’s motion to intervene. The mother and the father each filed a separate timely notice of appeal; this court consolidated the appeals.
In their joint brief submitted to this court, the mother and the father assert various arguments to the effect that the juvenile court erred in finding the child dependent. S.C. has responded to those arguments by asserting that the evidence supports a dependency finding. In its June 24; 2013, judgment the juvenile court found that the child “was a dependent child under the legal definition provided in § 12-15-102(8), Ala.Code 1975, at the commencement of this case.” (Emphasis added.) The June 24, 2013, judgment contains no finding regarding whether the child was dependent at or near the time of the entry of that judgment.
It is clear that the allegations in the dependency petition filed by the maternal grandmother and S.C. in this case properly, invoked the jurisdiction of the juvenile court. See T.K v. M.G., 82 So.3d 1, 4 (Ala.Civ.App.2011) (“The allegations in the father’s petition were sufficient to invoke the dependency jurisdiction of the juvenile court.”); and Ex parte S.P., 72 So.3d 1250, 1252-53 (Ala.Civ.App.2011) (same). “Once the dependency jurisdiction of a juvenile court has been properly invoked, the juvenile court has an imperative statutory duty to conduct an evidentiary hearing to determine the dependency of the child.” K.C.G. v. S.J.R., 46 So.3d 499, 501 (Ala.Civ.App.2010). If the juvenile court finds, based on clear and convincing evidence presented at the evidentiary hearing, that the child is dependent, it has jurisdiction to order a disposition, such as an award of custody, of the child. See § 12-15-311(a), Ala.Code 1975 (“If the juvenile court finds from clear and convincing evidence, competent, material, and relevant in nature, that a child is dependent, the juvenile court may proceed immediately ... to make proper disposition of the case.”); K.C.G. v. S.J.R., 46 So.3d at 502 (“[I]f, and only if, a juvenile court finds that the child is dependent, the court may then conduct proceedings to determine the custodial disposition of the child.”). However, if, after receiving evidence, the juvenile court determines that the child at issue is not dependent, it lacks jurisdiction “ ‘to enter a judgment affecting the custody of the child.’ ” J.A v. C.M., 93 So.3d 953, 955 (AIa.Civ.App.2012) (quoting L.R.J. v. C.F., 75 So.3d 685, 687 (Ala.Civ.App.2011)); see also C.C. v. B.L., 142 So.3d 1126, 1129 (Ala.Civ.App.2013) (same).
This court has explained:
“Juvenile courts are purely creatures of statute and have extremely limited jurisdiction. See Ex parte K.L.P., 868 So.2d 454, 456 (Ala.Civ.App.2003). That limited jurisdiction allows a juvenile court to make a disposition of a child in a dependency proceeding only after finding the child dependent. V.W. v. G.W., 990 So.2d 414, 417 (Ala.Civ.App.2008) (quoting K.B. v. Cleburne County Dep’t of Human Res., 897 So.2d 379, 389 (Ala. Civ.App.2004) (Murdock, J., concurring in the result)) (‘ “[I]n order to make a disposition of a child in the context of a dependency proceeding, the child must in fact be dependent at the time of that disposition.” ’).”
T.B. v. T.H., 30 So.3d 429, 431 (Ala.Civ.App.2009) (some emphasis added).
In this case, the juvenile court conducted an evidentiary hearing, or hearings, on the parties’ respective positions with re *213 gard to the dependency allegations. At those hearings, the parties disputed, among other things, whether the mother and'the father had maintained contact with and had regularly visited the child and whether the mother’s and the father’s explanations regarding why they had failed to visit the child during certain periods were valid. In addition, the parties disputed whether the mother and the father were dependent on others for their own support and whether the parents’ recent employment was indicative of a sustained ability to meet the child’s needs; it was undisputed that, in contravention of a child-support order, the parents had made only a nominal contribution to the support of the child during the three years he had been in S.C.’s custody. Thus, the evidence pertaining to those questions, as well as others that might indicate whether the child was dependent, was in dispute. The resolution óf that dispute dictates whether the juvenile court had jurisdiction to enter a dispositional custody award.
In its judgment, the juvenile court found that the child was dependent at the time the dependency proceedings were initiated, which was more than three years before the entry of the June 24, 2013, judgment. However, the juvenile court did not make a finding that the child was dependent such that it could exercise jurisdiction to enter a custody award, or a disposition of the child, pursuant to § 12-15-311(a), Ala.Code 1975, in its June 24, 2013, judgment. Accordingly, we reverse the judgment and remand the cause for the juvenile court to enter written findings as to whether the child was dependent at the time of the disposition.
REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.