THOMPSON, Presiding Judge.
On August 12, 2015, S.L. ("the paternal grandmother") filed in the Jefferson Juvenile Court, Bessemer Division ("the juvenile court"), a petition seeking to have N.L. ("the child") declared dependent and seeking an award of custody of the child. The juvenile court entered an order on September 1, 2015, finding the child dependent and awarding the paternal grandmother pendente lite custody of the child. A similar order was entered on October 19, 2015. It is undisputed that H.C. ("the mother") had not been served at the time either of those orders was entered. The paternal grandmother filed an amended dependency petition on December 11, 2015.
*794 The juvenile court conducted a hearing on May 11, 2016, and July 5, 2016. At the close of that hearing, the juvenile court orally found the child dependent, cited reasons for that finding, and scheduled a dispositional hearing for December 2016, during which, it said, it would receive additional evidence from the parties. The juvenile court entered an order on July 8, 2016, in which it found the child dependent, awarded custody to the paternal grandmother, and ordered the attorneys for the parties and the child's guardian ad litem to agree on a visitation schedule for the mother for the fall of 2016. In that order, the juvenile court scheduled the dispositional hearing for December 15, 2016.
The juvenile court conducted the dispositional hearing on December 15, 2016, and December 16, 2016. On December 22, 2016, the juvenile court entered a judgment in which it noted that the child had previously been found dependent, awarded custody of the child to the paternal grandmother, and closed the case. The mother filed a postjudgment motion that was denied by operation of law on January 18, 2017. See Rule 59.1, Ala. R. Civ. P.; Rule 1(B), Ala. R. Juv. P. On January 19, 2017, the juvenile court purported to enter a postjudgment order amending the December 22, 2016, judgment. However, once the mother's postjudgment motion had been denied by operation of law, the juvenile court lost jurisdiction to enter that January 19, 2017, postjudgment order. R.J.G. v. S.S.W., 42 So.3d 747, 751 (Ala. Civ. App. 2009). Regardless, the mother timely appealed.
The mother argues on appeal that the juvenile court erred in awarding custody of the child to the paternal grandmother because, she says, the child was not dependent at the time the December 22, 2016, dispositional judgment was entered. In order to make a custodial disposition of the child at the time the December 2016 dispositional judgment was entered, the juvenile court was required to find that the child was dependent at the time of the disposition. T.B. v. T.H., 30 So.3d 429, 431 (Ala. Civ. App. 2009). " '[I]n order to make a disposition of a child in the context of a dependency proceeding, the child must in fact be dependent at the time of that disposition.' " V.W. v. G.W., 990 So.2d 414, 417 (Ala. Civ. App. 2008) (quoting K.B. v. Cleburne Cty. Dep't of Human Res., 897 So.2d 379, 389 (Ala. Civ. App. 2004) (Murdock, J., concurring in the result)). See also D.D.P. v. D.M.B., 173 So.3d 1, 3 (Ala. Civ. App. 2015) (same). If the child is not dependent at the time of the dispositional judgment, the juvenile court lacks jurisdiction to make a custody determination. M.D. v. S.C., 150 So.3d 210, 212 (Ala. Civ. App. 2014) ; L.R.J. v. C.F., 75 So. 3d 685, 687 (Ala. Civ. App. 2011) ; see also C.C. v. B.L., 142 So.3d 1126, 1129 (Ala. Civ. App. 2013) ("In light of the juvenile court's finding that the child was not dependent, the juvenile court lacked jurisdiction to enter a judgment affecting the custody of the child, including visitation.").
We note that in a situation in which the evidence clearly supports a dependency determination but in which the juvenile court has omitted an explicit dependency finding, this court has held that a dependency determination may be implicit in the judgment. See, e.g., S.L.M. v. S.C., 171 So.3d 656 (Ala. Civ. App. 2013) ; M.W.H. v. R.W., 100 So.3d 603, 607 (Ala. Civ. App. 2012) ; and J.P. v. S.S., 989 So.2d 591, 598 (Ala. Civ. App. 2008). In J.P. v. S.S., supra, the juvenile court found the child in that case dependent in late October 2006, and, after a dispositional hearing, it entered a June 2007 judgment awarding custody of the child to an aunt and uncle. The father appealed, arguing that the child was no longer dependent at the time the June *795 2007 dispositional judgment was entered. This court stated that, "when the evidence in the record supports a finding of dependency and when the trial court has made a disposition consistent with a finding of dependency, in the interest of judicial economy this court may hold that a finding of dependency is implicit in the trial court's judgment." J.P. v. S.S., 989 So.2d at 598. Given the evidence in that case, this court held that a finding that the child continued to be dependent was implicit in the judgment. Id.
In this case, the juvenile court found the child to be dependent at the time it entered the July 8, 2016, order. At the conclusion of the July 2016 hearing, it noted, among other things, that the mother had not resided long at her new apartment, that the mother had not yet completed her probationary period for a conviction for harassment, and that the mother had not yet completed crisis-management classes required as a condition of that probation. The juvenile court received additional evidence over the course of two days in December 2016. At the dispositional hearing, the mother presented evidence indicating that, among other things, she had completed the probationary period, she had completed the crisis-management classes, she remained living in the same apartment in which she had lived at the time of the July 2016 hearing, and she had a long-term lease for that apartment.
In its December 22, 2016, judgment, the juvenile court did not make any determination regarding whether the child remained dependent at the time it entered that judgment. This court has reviewed the evidence in the record on appeal. It is not clear from our review whether the child remained dependent when the December 22, 2016, dispositional judgment was entered, and, therefore, this court cannot, as we did in J.P. v. S.S., supra, interpret the juvenile court's December 22, 2016, judgment as containing an implicit dependency determination. We conclude that the juvenile court must make a determination regarding whether the child remained dependent at the time the December 22, 2016, judgment was entered. We reverse the December 22, 2016, judgment and remand the cause for the juvenile court, as expeditiously as possible, to enter a new judgment determining whether the child was dependent at the time it entered the December 22, 2016, judgment.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.