THOMPSON, Presiding Judge.
*301 This is the third time these parties, H.C. ("the mother") and S.L. ("the paternal grandmother"), have been before this court in an appeal of a judgment of the Jefferson Juvenile Court, Bessemer Division ("the juvenile court"). The litigation was initiated on August 12, 2015, when the paternal grandmother filed an action alleging that the mother's minor child was dependent and seeking an award of custody of the child. The juvenile court entered orders on September 1, 2015, and July 8, 2016, finding the child to be dependent and awarding pendente lite custody of the child to the paternal grandmother.
On December 22, 2016, after conducting an ore tenus hearing, the juvenile court entered a judgment determining that it had earlier found the child to be dependent and awarding custody to the paternal grandmother. This court reversed that judgment, holding that the juvenile court had erred in failing to contemporaneously determine whether the child was dependent such that the juvenile court would have jurisdiction to enter a custody award. H.C. v. S.L., 251 So. 3d 793 (Ala. Civ. App. 2017) (" H.C. v. S.L. I"). This court explained:
"In order to make a custodial disposition of the child at the time the December 2016 dispositional judgment was entered, the juvenile court was required to find that the child was dependent at the time of the disposition. T.B. v. T.H., 30 So.3d 429, 431 (Ala. Civ. App. 2009). ' "[I]n order to make a disposition of a child in the context of a dependency proceeding, the child must in fact be dependent at the time of that disposition." ' V.W. v. G.W., 990 So.2d 414, 417 (Ala. Civ. App. 2008) (quoting K.B. v. Cleburne Cty. Dep't of Human Res., 897 So.2d 379, 389 (Ala. Civ. App. 2004) (Murdock, J., concurring in the result) ). See also D.D.P. v. D.M.B., 173 So.3d 1, 3 (Ala. Civ. App. 2015) (same). If the child is not dependent at the time of the dispositional judgment, the juvenile court lacks jurisdiction to make a custody determination. M.D. v. S.C., 150 So.3d 210, 212 (Ala. Civ. App. 2014) ; L.R.J. v. C.F., 75 So.3d 685, 687 (Ala. Civ. App. 2011) ; see also C.C. v. B.L., 142 So.3d 1126, 1129 (Ala. Civ. App. 2013) ('In light of the juvenile court's finding that the child was not dependent, the juvenile court lacked jurisdiction to enter a judgment affecting the custody of the child, including visitation.')."
H.C. v. S.L. I, 251 So. 3d at 794.
On remand following the release of H.C. v. S.L. I, supra, the juvenile court entered an October 11, 2017, judgment in which it determined that, at the time of the entry of the December 22, 2016, judgment, the child had been dependent. The mother again appealed, and this court reversed the juvenile court's October 11, 2017, judgment. H.C. v. S.L., 260 So. 3d 884 (Ala. Civ. App. 2018) (" H.C. v. S.L. II"). This court held that clear and convincing evidence did not support the juvenile court's determination that the child had been dependent at the time of the entry of the December 22, 2016, judgment. In reaching that holding, this court reiterated that "the juvenile court could make a custodial disposition of the child only if it determined that the child was dependent at the time it entered the December 22, 2016, judgment." H.C. v. S.L. II, 260 So. 3d at 885. Accordingly, because this court held that the evidence did not support the juvenile court's finding that the child was dependent at the time of the entry of the December 22, 2016, judgment, this court reversed *302 the juvenile court's October 11, 2017, judgment awarding custody to the paternal grandmother.
On remand for a second time, the juvenile court conducted a hearing at which it received the arguments of the parties' attorneys. On May 24, 2018, the juvenile court entered the judgment from which the current appeal is taken. In that May 24, 2018, judgment, the juvenile court stated that the child was not dependent at the time its December 22, 2016, judgment was entered because, at that time, the child was in the "custody" of the paternal grandmother. The juvenile court further found that it was in the child's "best interests" to remain in the "custody" of the paternal grandmother but that, because the child was no longer dependent, the juvenile court had no jurisdiction; the juvenile court then ordered the case "closed."
The mother filed a petition for a writ of mandamus in this court. However, the May 24, 2018, judgment was final and capable of supporting an appeal. Therefore, this court ordered that the petition for a writ of mandamus be treated as an appeal.
The mother argues on appeal that, in entering its May 24, 2018, judgment, the juvenile court failed to comply with this court's opinion in H.C. v. S.L. II, supra. The mother argues that the juvenile court was required to enter a judgment dismissing the dependency action and returning custody of the child to her.
" 'The issues decided by an appellate court become the law of the case, and the trial court has a duty to comply with the appellate mandate according to the true intent and meaning of the mandate as determined by the reviewing court's directions. Walker v. Carolina Mills Lumber Co., 441 So.2d 980 (Ala. Civ. App. 1983). When the mandate of the appellate court is not clear, the court's opinion should be consulted.' "
J.A.P. v. L.W.A., 910 So.2d 115, 122 (Ala. Civ. App. 2004) (quoting Ex parte McWhorter, 716 So.2d 720, 722 (Ala. Civ. App. 1998) ); see also Auerbach v. Parker, 558 So.2d 900, 902 (Ala. 1989) (same).
As is explicitly stated in both H.C. v. S.L. I, supra, and H.C. v. S.L. II, supra, a juvenile court lacks jurisdiction to enter a custody disposition if a child is not dependent. This court reversed the juvenile court's October 11, 2017, judgment finding that the child was dependent at the time it entered its December 22, 2016, judgment. H.C. v. S.L. II, supra. Thus, the determination that the child was not dependent at the time of the entry of the December 22, 2016, judgment became the law of the case. D.E.F. v. L.M.D., 76 So.3d 834, 837 (Ala. Civ. App. 2011) (citing Ex parte King, 821 So.2d 205, 209 (Ala. 2001) ). Based on the doctrine of law of the case, the juvenile court was precluded from again finding the child dependent and was instead required to comply with the holding of this court's opinion in H.C. v. S.L. II, supra. D.P. v. Limestone Cty. Dep't of Human Res., 64 So.3d 1109, 1111 (Ala. Civ. App. 2010).
Rather than entering a judgment in compliance with our opinion in H.C. v. S.L. II, supra, the juvenile court entered a new judgment finding that on December 22, 2016, the child was not dependent because, at that time, the child was in the pendente lite custody of the paternal grandmother. That determination contradicts its October 11, 2017, judgment (which was later reversed in H.C. v. S.L. II, supra ) determining that the child was dependent.
Further, the premise under which the juvenile court, in its May 24, 2018, judgment, purported to determine that the child was not dependent is erroneous. The juvenile court found that the child was not dependent because the paternal grandmother was a legal guardian or custodian willing and able to properly care for the *303 child. See § 12-15-102(8)2., Ala. Code 1975 (defining a term "dependent child" as, among other things, a child whose parent, legal guardian, or legal custodian is not "willing and able to provide for the care, support, or education of the child"). However, the juvenile court had previously awarded the paternal grandmother only pendente lite custody of the child. There is no final, appealable order that awarded custody of the child to the paternal grandmother, other than the December 22, 2016, judgment and the October 11, 2017, judgment, both of which were reversed by this court. Thus, the paternal grandmother, although she had pendente lite custody of the child while the dependency action was being determined, was not the child's legal custodian or legal guardian such that a determination could be made as to whether the child was dependent while in her care. To decide otherwise would be to hold that any award of pendente lite custody in a dependency action would end the dependency of the child at issue in the action and result in an automatic transfer of custody of the child from his or her parent to the person or persons awarded pendente lite custody. See, e.g., J.P. v. S.S., 989 So.2d 591, 599 (Ala. Civ. App. 2008) ("The father would have this court hold that the dependency statute would no longer apply to protect a dependent child once it is established that DHR, as the legal custodian of the dependent child, had successfully placed the child in a suitable home for care when the child's parents were unwilling or unable to appropriately care for the child. Such a holding would defeat the intent of the Alabama Juvenile Justice Act ...."). Also, such a decision would not serve the purposes of this state's dependency statutes, which include the preservation of families and the reunification of families when a parent has lost custody of his or her child. § 12-15-101(b), Ala. Code 1975.
The mother has requested that, rather than reverse the May 24, 2018, judgment and remand this cause for further proceedings in the juvenile court, this court render a judgment in her favor. "The appellate court may, upon the reversal of any judgment or decree, remand the same for further proceedings or enter such judgment or decree as the court below should have entered or rendered, when the record enables it to do so." § 12-22-70, Ala. Code 1975. In order for this court to render a judgment, "the record must demonstrate that all facts on the issue in question are before the appellate court, and those facts must establish that the party is entitled to a judgment as a matter of law." Eubanks v. Hale, 752 So.2d 1113, 1134 (Ala. 1999).
In this case, we have previously held that the child was not dependent at the time the juvenile court entered its December 22, 2016, judgment and, therefore, that the juvenile court lacked jurisdiction to make a custody determination. Thus, the mother is entitled, as a matter of law, to the dismissal of the dependency action and a judgment returning custody to her. Eubanks v. Hale, supra. The child has been out of the mother's custody since August 2015, a significant portion of this young child's life. Given the history of this action, we grant the mother's request and render a judgment in her favor. The juvenile court's May 24, 2018, judgment is reversed, and this court hereby renders a judgment dismissing the dependency action and reinvesting custody of the child in the mother.
REVERSED AND JUDGMENT RENDERED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.