BRYAN, Judge.
E.H. (“the mother”) appeals a judgment of the Houston Juvenile Court finding the parties’ minor child A.L. (“the child”) — a boy born on October 3, 1998 — dependent and awarding N.L. (“the father”) custody of the child. For the reasons discussed below, we reverse the judgment and remand the cause with instructions.
*741 On January 4, 2007, the father filed a petition in the juvenile court in which he, among other things, requested that the juvenile court find the child dependent and sought custody of the child. In his petition, the father alleged that the parties had divorced in 2000. The record on appeal establishes that the mother was awarded custody of the child in the divorce judgment. In support of his petition seeking a finding that the child is dependent, the father alleged that the child had missed 26 days of school in 1 semester; that the mother had left the child home alone on 4 or 5 occasions; that the mother suffers from bipolar disorder and has seizures that impair her ability to care for the child; that the mother had driven with the child against medical advice; and that the mother’s new husband “may be engaging in the use of illegal drugs.”
On January 4, 2007, the juvenile court held a 72-hour hearing and awarded the father pendente lite custody of the child. On October 9, 2007, the juvenile court held a hearing on the father’s petition. It then entered a judgment that, among other things, found the child dependent and awarded the father custody of the child subject to the mother’s visitation rights. On October 12, 2007, the juvenile court amended its judgment, awarding the mother visitation rights at specified times. The mother then timely appealed.
On appeal, the mother argues that the juvenile court erred by awarding the father custody. However, neither party addresses whether the juvenile court had jurisdiction to adjudicate the custody issue. “The issue of subject-matter jurisdiction is ‘ “of such magnitude that we take notice of [it] at any time and do so even ex mero motu.” ’ ” Roux v. Hamby, 914 So.2d 879, 882 (Ala.Civ.App.2005) (quoting Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997), quoting in turn Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). We must determine whether the juvenile court has subject-matter jurisdiction to adjudicate the father’s petition seeking custody. Regarding the jurisdiction of the juvenile court, this court has stated:
“The juvenile court is a court of limited jurisdiction. See § 12-15-30, Ala. Code 1975; J.D.R. v. M.M.E., 898 So.2d 788 (Ala.Civ.App.2004). Although a juvenile court has jurisdiction to determine custody when a ‘child is otherwise before the court,’ Ala.Code 1975, § 12-15 — 30(b)(1), i.e., when the juvenile court has an independent basis for jurisdiction, the juvenile court does not otherwise have jurisdiction over custody disputes between divorced parents absent allegations that emergency circumstances exist that threaten a child’s welfare or allegations that a child is dependent.”
S.B.U. v. D.G.B., 913 So.2d 452, 455 (Ala.Civ.App.2005). In S.B.U., this court, concluding that the action was merely a custody dispute between two divorced parents, dismissed the appeal on the ground that the juvenile court lacked jurisdiction. 913 So.2d at 455-56.
In V.W. v. G.W., 990 So.2d 414, 415 (Ala.Civ.App.2008), a father petitioned for custody, alleging that emergency circumstances existed. Id. at 415. In his petition, the father alleged, among other things, that the mother had associated herself with drug users and that police had “raided” the mother’s home and had found drugs while the child was present in the home. Id. at 415. At trial, the father stated that the child had been in “immediate harm” because the mother had appeared to be cohabitating with a male acquaintance who had a criminal record. Id. at 416. However, the mother testified that she had not initiated contact with that *742 male acquaintance for several months preceding the trial. Id. at 417. Nevertheless, the juvenile court in V.W. found the child dependent and awarded the father custody. Id. at 416. On appeal, this court stated that the “emergency” alleged by the father was based upon a relationship with the mother’s male acquaintance, with whom the mother had terminated contact. Id. at 417. Furthermore, this court concluded that the evidence did not support the judgment finding the child dependent and that the matter appeared to be a custody dispute between two fit parents. Id. at 417. Therefore, this court reversed the juvenile court’s judgment, holding that “the child’s dependency was not demonstrated under Alabama law so as to support the juvenile court’s adjudication and disposition of the child.” Id. at 417.
In the case now before us, the evidence established that the mother and the father had a dispute about the manner in which they desired to address the child’s attention deficit/hyperactivity disorder (“ADHD”). Additionally, the father testified that he petitioned the juvenile court to find the child dependent after he became concerned about the mother’s ability to care for the child when the mother had begun to have seizures frequently. The father further testified that he sought a judgment finding the child dependent after he discovered the child had been repeatedly absent from school while in the mother’s custody. However, the mother testified that the child was on the “A/B” honor roll during the time the child was in her custody.
Furthermore, the father testified that he was concerned for the child’s safety when he learned from his new wife that D.H., the mother’s husband at the time, had been using cocaine. However, the evidence established that the mother and D.H. were divorced at the time of the trial in this matter. Like V.W., the evidence in this ease does not establish that the mother continued her relationship with D.H. after their divorce. Regarding the allegation that the mother may have engaged in illegal-drug use, the evidence established that the mother initially failed to submit to a drug test but that the mother later submitted to a drug test and tested negative for illegal drugs.
The mother testified that, at the time of trial, G.C. (“the maternal grandmother”), the mother’s minor son born of her marriage to D.H., and J.Q., a 21-year-old male, all resided with her. The mother stated that J.Q. and the maternal grandmother assisted her in caring for the child. However, the maternal grandmother testified that she did not reside with the mother. The mother testified that she made J.Q. leave her home after she discovered that he had been arrested when he was a minor but that she later permitted him to return. The mother was unaware of the reason for J.Q.’s arrest, but she testified that J.Q. was found not guilty of any charges. Furthermore, the evidence does not establish that J.Q. poses a danger to the child.
The foregoing evidence tends to establish that the father disagreed with the manner in which the mother desired to address the child’s ADHD. Furthermore, the father’s concerns regarding the alleged drug use of D.H., whom the mother had divorced, were not pertinent to a determination regarding the child’s dependency at the time of the trial in this matter. See V.W., 990 So.2d at 417, quoting K.B. v. Cleburne County Dep’t of Human Res., 897 So.2d 379, 389 (Ala.Civ.App.2004) (Murdock, J., concurring in the result) (“ [[I]n order to make a disposition of a child in the context of a dependency proceeding, the child must in fact be dependent at the time of that disposition.’ ”). *743 Additionally, the evidence also tended to establish that the mother’s association with J.Q. did not pose a danger to the child. Despite evidence indicating that the mother’s medication for seizures impeded her ability to take the child to school and that the child had been repeatedly absent from school, see § 12 — 15—1 (10)h., Ala.Code 1975, we do not conclude, given the facts and circumstances of this case, that the child is a dependent child.
We conclude that this case is properly characterized as a custody dispute between divorced parents. See S.B. U., supra. The father did not present clear and convincing evidence establishing that emergency circumstances existed to invoke the jurisdiction of the juvenile court. Cf Walters v. Taylor, 513 So.2d 640, 641 (Ala.Civ.App.1987) (“If child abuse, as alleged in the petition, were established by the evidence, then the juvenile court properly exercised its jurisdiction.”). Consequently, the juvenile court could not properly award custody of the child to the father. We, therefore, reverse the judgment and remand the cause with instructions to the juvenile court to set aside its judgment finding the child dependent and awarding the father custody.
REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, THOMAS and MOORE, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.