THOMAS, Judge.
Kyle Joseph Brock (“the father”) appeals from a judgment of the Talladega Circuit Court (“the circuit court”) denying his petition to set aside a prior judgment awarding custody of K.J.B. (“the child”) to Nell Herd and Roger Herd (“the grandparents”).
The record on appeal, which is sparse, reveals the following relevant facts and procedural history. The father and Kelly Nicole Herd (“the mother”) are the unmarried parents of the child, who was bom on August 1, 2007. On December 22, 2009, the grandparents filed in the Talladega Juvenile Court (“the juvenile court”) a petition seeking an adjudication of the paternity of the child and custody of the child. Attached to the grandparents’ petition was an answer and waiver and acceptance of service from the mother and the father that stated, in part, that they “admit[ted] each and every allegation contained in the petition.” On February 16, 2010, the juvenile court transferred the grandparents’ petition to the circuit court.[1] On February 25, 2010, the circuit court entered a judgment adjudicating the father as the child’s legal father, awarding custody of the child to the grandparents, awarding the father standard visitation, and ordering the father to pay monthly child support.
On January 22, 2015, the father filed a motion for relief from the circuit court’s judgment pursuant to Rule 60(b)(4), Ala. R. Civ. P., in which he asserted that the circuit court hád lacked subject-matter ju- *1163 risdietion to adjudicate paternity and to decide the related issues of the care, custody, and control of a child born to unmarried parents. The circuit court entered an order on February 11, 2015, denying the father’s Rule 60(b)(4) motion.[2] The father filed a notice of appeal to this court on March 13, 2015. In his brief on appeal, the father argues that his Rule 60(b)(4) motion should have been granted because, he says, the circuit court' lacked jurisdiction (1) to adjudicate the paternity of the child and (2) to determine whether thé child was dependent.
We first note that “[o]ur review of the grant or denial of a Rule 60(b)(4) motion is de novo; such a motion challenges the underlying judgment as being void, so the question of the validity of the judgment is a purely legal one in which discretion has no place.” Burgett v. Porter, 180 So.3d 20, 21 (Ala.Civ.App.2015) (citing Northbrook Indem. Co. v. Westgate, Ltd., 769 So.2d 890, 893 (Ala.2000); and General Motors Corp. v. Plantation Pontiac-Cadillac, Buick, GMC Truck, Inc., 762 So.2d 859, 861 (Ala.Civ.App.1999)). Additionally, although the father’s Rule 60(b)(4) motion was filed almost, five years after the entry of the circuit court’s judgment, “a [Rule 60(b)(4) ] motion for relief from a void judgment is not governed by the reasonable-time requirement of Rule 60(b)” and can be filed at any time. Ex parte Full Circle Distrib., L.L.C., 883 So.2d 638, 643 (Ala.2003).
We now address the father’s argument that the circuit court lacked jurisdiction to adjudicate the child’s paternity. As the primary support for this argument, the father, apparently citing to § 12-15-115, Ala.Code 1975, states that “a juvenile court shall have exclusive original jurisdiction ‘in proceedings to establish paternity of a child born out of wedlock.’ ” However, as the grandparents point out in their brief, § 12-15-115, a part of the current Alabama Juvenile Justice Act (“the AJJA”),[3] actually provides: “(a) A juvenile court shall also exercise original jurisdiction of the following civil proceedings: ... (6) Proceedings to establish parentage of a child pursuant to the -Alabama Uniform Parentage Act, Chapter 17 of Title 26.” (Emphasis added.) Compare former § 12-15-31(2), Ala.Code 1975 (conferring “exclusive original jurisdiction” on the juvenile court to establish paternity of children born out of wedlock (emphasis added)). .
■ ■ “When interpreting a statute, a court must first give effect to .the intent of the legislature.
U i 9
“...' To discern the" legislative intent, the Court must first look to the language of the statute. If, giving the statutory language its plain and ordinary meaning, we conclude that the language is unambiguous, there is no room for judicial construction.”
City of Bessemer v. McClain, 957 So.2d 1061, 1074 (Ala.2006).
It does not escape our attention that the sections of the AJJA immediately preceding and following § 12-15-115 grant a juvenile court exclusive original jurisdiction over various ■ proceedings, see § 12-15-114, Ala.Code 1975, and § 12-15-116, Ala.Code 1975. Clearly, had the legislature intended to grant a juvenile court exclusive original jurisdiction over an adjudication of paternity, it most certainly- could have *1164 done so. Although it reasonably could be argued, in light of the inclusion of the term “exclusive” in the surrounding sections of the AJJA and in the predecessor statute referenced above, see former § 12-15-31(2), that the omission of the term “exclusive” in § 12-15-115 was unintentional, “[c]ourts ... may not interpret statutes to compensate for omissions. ‘“[I]t is not the office of the court to insert in a statute that which has been omitted[;] ... what the legislature omits, the coui’ts cannot supply.”’” Ex parte Christopher, 145 So.3d 60, 66 (Ala.2013) (quoting Pace v. Armstrong World Indus., Inc., 578 So.2d 281, 284 (Ala.1991), quoting in turn 73 Am.Jur.2d Statutes § 203 (1974)).
Moreover, § 12-15-115 provides that a juvenile court “shall ... exercise original jurisdiction” over proceedings to determine parentage pursuant to the Alabama Uniform Parentage Act, codified at § 26-17-101 ,et seq., Ala.Code 1975 (“the Parentage Act”). Section 26-17-104, Ala. Code 1975, a part of. the Parentage Act, provides, in its entirety:
“A circuit or district court of this state or any other court of this state, as provided by law, shall have original jurisdiction to adjudicate parentage pursuant to this chapter and may determine issues of custody, support, and visitation incidental to a determination of parentage. If an issue of non-parentage is raised in a domestic relations action in this state, a court of this state having jurisdiction over the domestic relations action shall have the authority to adjudicate parentage or non-parentage pursuant to this chapter.”
(Emphasis added.) Based upon the plain language of § 26-17-104 and the omission of the term “exclusive” from § 12-15-115, we conclude that the AJJA does not vest juvenile courts with exclusive original jurisdiction to adjudicate paternity, and, thus, the circuit court in the case before us properly exercised jurisdiction to adjudicate the paternity of the child.
The father next argues that the circuit court’s judgment is void because that court lacked jurisdiction to find the child dependent. Section 12-15-114(a) provides:
“A juvenile court shall exercise exclusive original jurisdiction of juvenile court proceedings in which a child is alleged to have committed a delinquent act, to be dependent, or to be in need of supervision. A dependency action shall not include a custody dispute between parents. Juvenile cases before the juvenile court shall be initiated through the juvenile court intake office pursuant to this chapter.”
The father claims in his appellate brief that the grandparents’ action was actually a dependency action masked under the “pretense of a paternity and custody action.” We disagree.
The grandparents’ 2009 petition did not allege that the child was dependent. Instead, it requested a determination of paternity and an award of custody based on the parents’ consent. It is well established that
“ ‘[j]uvenile courts are purely creatures of statute and have extremely limited jurisdiction. See Ex parte K.L.P., 868 So.2d 454, 456 (Ala.Civ. App.2003). That limited jurisdiction allows a juvenile court to make a disposition of a child in a dependency proceeding only after finding the child dependent. V.W. v. G.W., 990 So.2d 414, 417 (Ala.Civ.App.2008) (quoting K.B. v. Cleburne County Dep’t of Human Res., 897 So.2d 379, 389 (Ala.Civ. App.2004) (Murdock, J., concurring in the result)) (“‘[I]n order to make a disposition of a child in the context of a dependency proceeding, the child *1165 must in fact be dependent at the time of that disposition.’ ”).’
“T.B. v. T.H., 30 So.3d 429, 431 (Ala.Civ. App.2009).”
M.D. v. S.C., 150 So.3d 210, 212 (Ala.Civ. App.2014) (emphasis omitted). Thus, as this court has consistently held, “once the juvenile court recognize[s] that the case d[oes] not involve a question of dependency, it los[es] jurisdiction over the remaining subject matter, i.e., the dispute over the custody of the child.” K.C.G. v. S.J.R., 46 So.3d 499, 504 (Ala.Civ.App.2010) (holding that a juvenile court’s judgment awarding custody of a child to a nonparent after electing to treat a dependency petition as a custody dispute was void); see also T.B. v. T.H., 30 So.3d 429, 433 (Ala.Civ.App.2009) (“[T]he [juvenile-court] judge had no jurisdiction to adjudicate custody of the child in the juvenile court once he determined that the case was not a dependency case.’’).
In J.A.P. v. M.M., 872 So.2d 861 (Ala. Civ.App.2003), this court, after first noting that the record on appeal contained no petition or allegations of dependency, concluded that, even though the parties had consented to transfer the determination of custody of the child to the juvenile court, “the facts and procedural history of this case indicate that, with regard to the [child at issue], this case was in the nature of a custody dispute rather than a dependency action.” 872 So.2d at 866. We further noted that “[determinations of child custody are matters within the discretion of the [circuit] court, and such determinations should not be set aside absent an abuse of discretion.” Id. See also S.T.S. v. C.T., 746 So.2d 1017, 1021 (Ala.Civ.App.1999)(“When a case is more a custody, case than a determination-of-dependency case, and the court relied on the dependency statute to find a child to be dependent and to award custody to a nonparent, that ruling will not stand.” (citing C.P. v. M.K., 667 So.2d 1357 (Ala.Civ.App.1994))). The juvenile court in the present case, therefore, properly transferred the grandparents’ action to the circuit court.
As discussed above, the grandparents’ petition did not contain allegations that the child was dependent. Additionally, the circuit court’s judgment did not include a finding of-dependency. The record further indicates that the father acquiesced to the' grandparents’ petition for custody. Thus, the issue whether' the child was dependent as defined by § 12-15-102(8), Ala. Code 1975, was not presented to the circuit court. Therefore, we conclude that the grandparents’ action was a custody case as opposed to a dependency action; accordingly, that action was properly before the circuit court. For that reason, the judgment of the circuit court awarding custody of the child to the grandparents is not void.
Based upon the foregoing, the judgment of the circuit court denying the father’s Rule 60(b)(4) motion is affirmed. The grandparents’ request for an award of attorney fees is denied.
AFFIRMED.
THOMPSON, P.J., and PITTMAN," MOORE, and DONALDSON, JJ., concur.

. The case-action-summary sheet indicates that the juvenile' court transferred the action on its own motion.

. The circuit court's order indicates that a hearing was held on the father’s motion; however, there is no transcript of the hearing included in the record on appeal.

. The current Alabama Juvenile Justice Act, § 12-15-101 et seq., Ala.Code 1975, was enacted by our legislature in 2008 and became effective January 1, 2009.