MOORE, Judge.
This appeal arises from a judgment entered by the Mobile Juvenile Court (“the juvenile court”). Because we determine that the juvenile court lacked subject-matter jurisdiction, we dismiss the appeal.
The record shows that J.J. (“the child”) was born on February 27, 2007, of a non-marital relationship between M.J. (“the father”) and L.R.S. (“the mother”). The father and the mother lived separately in Mobile and shared child-rearing responsibilities for the child until 2011, when the father moved to Utah. No custody deter- *775 mmation regarding the child had been made before the father moved.
In 2014, the mother initiated efforts to obtain child support from the father, which culminated in a March 17, 2015, administrative order from the Utah Department of Human Services requiring the father, to pay child support retroactively to September 1, 2014. Two months later, on May 27, 2015, the father filed a petition in the juvenile court seeking to obtain sole physical and legal custody of the child. In his petition, the father alleged, among other things, that the mother had neglected the child’s educational .needs, had .abused drugs, and had abandoned the child on more than one occasion. The clerk of the juvenile court assigned the- father’s petition case number CS-15-900545. Along with his petition, the father also filed an “instanter” motion for pendente lite custody of the child, which, the juvenile court granted on June 2, 2.015.[1] The mother filed an answer on December 1,2015.
The juvenile court conducted a trial on January 27, 2016, after which it entered a judgment on February 1, 201.6, awarding the father sole physical and legal custody of the child. In its judgment, the juvenile court concluded that Utah did -not have jurisdiction to enter a custody order and-that “the current action is an. initial custody determination.” The juvenile court found that custody should be awarded to. the father based on-the best interests of the child/ that the mother should be awarded scheduled visitation, and that the mother should pay the- father child sup-, port. The mother filed a postjudgment motion on February 10, 2016, which the juvenile court .denied that same day. The mother timely appealed.
In their briefs to this court, neither party has raised a question as to the subject-matter jurisdiction of the juvenile court, but this court raises the issue ex mero motu. See K.R. v. Lauderdale Cty. Dep’t of Human Res., 133 So.3d 396, 403-04 (Ala.Civ.App.2013). On August 3, 2016, this court ordered the parties to submit additional letter briefs regarding whether the juvenile court, which had not adjudi *776 cated the child dependent, had subject-matter jurisdiction to enter its February 1, 2016, judgment. In their letter briefs, the parties- agree that the juvenile court did have subject-matter jurisdiction, but such jurisdiction cannot be conferred by consent of the parties. Patterson v. Gladwin Corp., 835 So.2d 137, 142-48 (Ala.2002), To the contrary, whether a juvenile court has sub-' ject-matter jurisdiction is exclusively a question of law for this court, L.L.M. v. J.M.T., 964 So.2d 66, 74 (Ala.Civ.App. 2007), dependent -entirely on the language of the statutes empowering the juvenile court to act. K.C.G. v. S.J.R., 46 So.3d 499, 500 (Ala.Civ.App.2010).
The assertions in the father’s petition cotild be construed as allegátions of the dependency of the child to the extent the father claimed that the mother, who was exercising sole physical and legal custody of the child at the time, see Ex parte L.E.O., 61 So.3d 1042 (Ala.2010) (holding that, in determining dependency, juvenile court should determine whether legal custodian of child is providing adequate care),' was failing to assure that the child attended school as required, see Ala. Code 1975, § 12-15-102(8)4., had abandoned the child, see Ala. Code 1975, § 12-15-102(8)5., and was abusing drugs, see Ala. Code 1975, § 12-15-102(8)8. A juvenile court has exclusive original jurisdiction over petitions alleging the dependency of a child, Ala. Code 1975, § 12—15—114(a), even when the dependency petition involves a custody dispute between parents. See T.K. v. M.G., 82 So.3d 1 (Ala.Civ.App.2011). However, in this case, the juvenile court did not find the child dependent. This court has consistently held that a juvenile court cannot use its dependency jurisdiction to dispose of the'custody of a child unless the juvehile court finds the child to be dependent, see K.C.G., 46 So.3d at 501-02 (citing, among other cases, Ex parte K.S.G., 645 So.2d 297 (Ala.Civ.App.1992), Ex parte J.R.W., 630 So.2d 447 (Ala.Civ.App.1992), E.H. v. N.L., 992 So.2d 740 (Ala.Civ.App.2008), and T.B. v. T.H., 30 So.3d 429 (Ala.Civ.App.2009)), because a juvenile court has jurisdiction only to dismiss a dependency petition if the. child at issue is not adjudicated to be dependent. See Ala. Code 1975, § 12-15-310(b). - Thus, the- juvenile court did not have the authority under § 12—15— 114(a) to enter its judgment.
■ The clerk of the juvenile court assigned the case a “CS” designation. This court has routinely treated cases with a “CS” designation as falling within the jurisdiction of the juvenile court. See, e.g., H.J.T. v. State ex rel. M.S.M., 34 So.3d 1276, 1278-79 (Ala.Civ.App.2009); C.W.S. v. C.M.P., 99 So.3d 864, 866 n. 1 (Ala.Civ.App.2012); and R.P.M. v. P.D.A., 112 So.3d 49, 50 (Ala.Civ.App.2012). However, the “CS” designation, which is merely a classification description created by the Alabama Administrative Office of Courts (“AOC”) for administrative purposes, does not in and of itself confer jurisdiction on a juvenile court. To qualify as a “CS” case, the case must arise out of a child-support action otherwise within the statutory jurisdiction of the juvenile court. See “Child Support Uniform Filing Policies & Procedures” (issued by AOC July 2013). By statute, juvenile courts have jurisdiction to award child support in a variety of contexts, including in parentage actions, see Ala. Code 1975, § 12-15-115(a)(6), § 26-17-104, and § 26-17-636(g), in certain dependency actions, see Ala. Code 1975, § 12-15-314(e), and in actions brought under the Child Support Act of 1979, see Ala. Code 1975, § 38-10-7, but, in awarding child support in this case, the juvenile court did not rely on any of its statutory bases for doing, so. The erroneous designation of the case as a “CS” case did . not *777 bestow subject-matter- jurisdiction on the juvenile court.
A juvenile court does have jurisdiction to decide the parentage of a child under Ala. Code 1975, § 12-15-115(a)(6), which, by reference to the Alabama Uniform Parentage Act, Ala. Code 1975, § 26-17-101 ét seq., gives the juvenile court jurisdiction to decide the custody of the subject child and to assess child support. See Ala. Code 1975, § ‘26-17-636(g>. However, in its judgment, the juvenile court determined that the paternity of the father had been previously established in the Utah 'child-support action, so it did not' adjudicate the parentage of the child. Hence, the juvenile court did not have jurisdiction to decide the custody of the child and to award child support to the father under § 12-15-115(a)(6).
The father argues that the juvenile court had subject-matter jurisdiction under Ala. Code 1975, former § 12-15-30, and Ala. Code 1975, former § 12-15-l(10)(c), a proposition to which the mother largely agrees. The legislature repealed those Code sections when it adopted the Alabama Juvenile Justice Act of 2008 (“the AJJA”), Ala. Code 1975, § 12-15-101 et seq, No similar provisions appear in the AJJA. Contrary to the father’s assertion, the AJJA does not contain any current provision that confers subject-matter jurisdiction on juvenile courts specifically to decide custody controversies between unmarried parents.
“[A] judgment entered without subject-matter jurisdiction is void, ... and ... a void judgment will not support an appeal.” K.R. v. D.H., 988 So.2d 1050, 1052 (Ala.Civ.App.2008). Therefore, we dismiss this appeal as being from a void judgment, albeit with instructions to the juvenile court to set aside its void , judgment entered on February 1, 2016.[2] ;
APPEAL DISMISSED WITH INSTRUCTIONS.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.

. The record indicates that the juvenile court granted the motion solely upon a review of the verified petition of the father and that the juvenile court indicated that it would give the mother a hearing on the matter if she so requested, which she did not. Thus, the juvenile court was acting pursuant to Ala. Code 1975, § 12-15-141, which provides:
"The juvenile court may enter an ex parte order of protection or restraint on an emergency basis, without prior notice and a hearing, upon a showing of verified written or verbal evidence of abuse or neglect injurious to the health or safety of a child subject to a juvenile court proceeding.- and the likelihood that the abuse or neglect will continue unless the order is issued. If an emergency order is issued, a hearing, after notice, shall be held within 72 hours of the written evidence or the next judicial business day thereafter, to either dissolve, continue, or modify the order.”
The mother did not file a petition for a writ of •mandamus to contest the juvenile court's ex parte order, and this court cannot now consider her position that that order was not justified by the allegations in the father’s petition. See Strickland v. McClendon, 193 So.3d 740, 742 (Ala.Civ.App.2015) (holding that emergency order changing custody of child pending later trial could be reviewed only by way of a petition for a writ of mandamus). Even if the mother is- correct, the juvenile court still had subject-matter jurisdiction to enter the order. See Ex parte Butler, 972 So.2d 821, 825 (Ala.2007) ("Subject-matter jurisdiction concerns a court’s power to adjudicate a case, not the merits of the court’s decision in.the case.”); M.B. v. R.P., 3 So.3d 237, 255 (Ala.Civ.App.2008) (Moore, J., concurring in part and concurring in the result in part) (reasoning that any error juvenile court may have committed in determining that emergency situation existed that endangered the child did not affect its subject-matter jurisdiction). Nothing in our opinion should be construed as affecting the validity of that order.

. See note 1, supra.