MOORE, Judge.
This court's opinion of July 28, 2017, was withdrawn and the appeal was placed on rehearing ex mero motu by an order issued on July 28, 2017.
L.R.S. ("the mother") appeals from a judgment entered by the Mobile Juvenile Court ("the juvenile court") dismissing the petition filed by M.E.J. ("the father") seeking custody of J.J. ("the child") after the issuance of this court's opinions on original submission and on application for rehearing in a previous appeal filed by the mother. See L.R.S. v. M.J., 229 So.3d 772 (Ala. Civ. App. 2016) (" L.R.S. I"); and 229 So.3d at 777 (opinion on rehearing) (" L.R.S. II").[1]
This case originated when the father filed a petition seeking "primary" custody of the child. In the father's petition, he alleged, among other things, that the mother "had neglected the child's educational needs, had abused drugs, and had abandoned the child on more than one occasion." L.R.S. I, 229 So.3d at 775. After a trial, the juvenile court entered a judgment declining to find the child dependent, stating that " 'the current action is an initial custody determination' " and finding "that custody should be awarded to the father based on the best interests of the *1134 child." L.R.S. I, 229 So.3d at 775. In L.R.S. I, this court reasoned:
"The assertions in the father's petition could be construed as allegations of the dependency of the child to the extent the father claimed that the mother, who was exercising sole physical and legal custody of the child at the time, see Ex parte L.E.O., 61 So.3d 1042 (Ala. 2010) (holding that, in determining dependency, juvenile court should determine whether legal custodian of child is providing adequate care), was failing to assure that the child attended school as required, see Ala. Code 1975, § 12-15-102(8) 4., had abandoned the child, see Ala. Code 1975, § 12-15-102(8) 5., and was abusing drugs, see Ala. Code 1975, § 12-15-102(8) 8. A juvenile court has exclusive original jurisdiction over petitions alleging the dependency of a child, Ala. Code 1975, § 12-15-114(a), even when the dependency petition involves a custody dispute between parents. See T.K. v. M.G., 82 So.3d 1 (Ala. Civ. App. 2011). However, in this case, the juvenile court did not find the child dependent. This court has consistently held that a juvenile court cannot use its dependency jurisdiction to dispose of the custody of a child unless the juvenile court finds the child to be dependent, see K.C.G. [v. S.J.R. ], 46 So.3d [499] at 501-02 [ (Ala. Civ. App. 2010) ] (citing, among other cases, Ex parte K.S.G., 645 So.2d 297 (Ala. Civ. App. 1992), Ex parte J.R.W., 630 So.2d 447 (Ala. Civ. App. 1992), E.H. v. N.L., 992 So.2d 740 (Ala. Civ. App. 2008), and T.B. v. T.H., 30 So.3d 429 (Ala. Civ. App. 2009) ), because a juvenile court has jurisdiction only to dismiss a dependency petition if the child at issue is not adjudicated to be dependent. See Ala. Code 1975, § 12-15-310(b). Thus, the juvenile court did not have the authority under § 12-15-114(a) to enter its judgment."
229 So.3d at 776. This court proceeded to discuss whether there were any other alternative jurisdictional bases on which the juvenile court could enter a judgment in the case; having found none, this court concluded that the juvenile court lacked subject-matter jurisdiction to enter its judgment and, therefore, that the judgment was void. L.R.S. I, --- So.3d at ----. This court dismissed the appeal with instructions to the juvenile court to set aside its void judgment. L.R.S. I, --- So.3d at ----. The father filed an application for rehearing, which prompted a second opinion from this court, see L.R.S. II, --- So.3d at ----, in which this court maintained its original disposition of the case.
After the issuance of this court's opinions, the mother filed a motion requesting from "the Presiding Judge of the Thirteenth Judicial Circuit ... an Order appointing a Circuit Judge to hear the Parties' Petitions and Motions." On March 13, 2017, the juvenile court entered an order denying the mother's motion and dismissing the father's petition; the juvenile court stated: "[A]s the Court of Civil Appeals has found no jurisdiction, and ordered the vacating of the [judgment], this Court lacks any other option [other than dismissing the petition]." The juvenile court's judgment also stated that any future custody petition should be filed in Utah, where the child currently lives.
On appeal, the mother argues that the juvenile court erred in dismissing the father's petition; instead, she argues, the juvenile court should have transferred the case to the Mobile Circuit Court. We note, however, that, in this court's opinion in L.R.S. I, we did not order the juvenile court to transfer the case to the Mobile Circuit Court. As we expressed previously, the father's petition contained allegations of dependency, which are within the exclusive jurisdiction of the juvenile court. L.R.S. I, --- So.3d at ---- (citing § 12-15-114(a), Ala. Code 1975 ). As stated in *1135 our previous opinion, once a juvenile court determines that a child is not dependent, pursuant to § 12-15-310(b), Ala. Code 1975, the only action it may take is to dismiss the case. L.R.S. I, --- So.3d at ----. Therefore, we conclude that the juvenile court complied with this court's opinion and § 12-15-310(b) by dismissing the father's petition.
The mother also argues that the juvenile court's declining to transfer the case violated her right to due process; however, the mother does not cite any authority establishing that the juvenile court's compliance with our instructions and the well-established law concerning the juvenile court's jurisdiction violates her due-process rights. Therefore, we cannot find any error on this point. See, e.g., White Sands Grp., L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala. 2008) ("Rule 28(a)(10)[, Ala. R. App. P.,] requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party's position. If they do not, the arguments are waived.").
The mother also argues that the juvenile court erred in concluding that Utah is the proper forum for a custody action under the Uniform Child Custody Jurisdiction and Enforcement Act, §§ 30-3B-101 et seq., Ala. Code 1975. As we previously recognized, however, the juvenile court, having declined to find the child dependent, lacked jurisdiction to take any action other than to dismiss the case. Ala. Code 1975, § 12-15-310(b). Therefore, any statement regarding the proper court in which to file a custody petition is without any legal effect, and, therefore, we will not address the mother's arguments regarding the merits of the juvenile court's statement on that point.
Conclusion
Based on the foregoing, we affirm the juvenile court's judgment dismissing the father's petition.
ON REHEARING EX MERO MOTU: AFFIRMED.*
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.

The father was identified as "M.J." in the previous appeal.

Note from the reporter of decisions: The July 28, 2017, opinion was withdrawn and the appeal placed on rehearing ex mero motu by an order issued July 28, 2017.