REL: March 17, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

————————————————

### CL-2023-0009

————————————————

### Ex parte F.G.

### PETITION FOR WRIT OF MANDAMUS

### (In re:  P.C.

### v.

### F.G.)

### (Jefferson Juvenile Court, Bessemer Division, JU-14-678.03)

MOORE, Judge.

F.G. ("the mother") petitions this court for a writ of mandamus directing the Bessemer Division of the Jefferson Juvenile Court ("the

juvenile court") to set aside its order denying her motion to dismiss a petition for a rule nisi filed by P.C. ("the father"). We deny the mother's petition.

Procedural History

On September 19, 2014, the father filed a petition in the juvenile court alleging that the parties' child, H.C.G. ("the child"), who was born on January 4, 2011, was dependent and requesting an award of custody of the child. The father provided separate addresses for himself and the mother. His petition was assigned case number JU-14-678.01 ("the .01 action"). On November 20, 2014, the juvenile court entered a judgment in the .01 action that provides:

> "This matter before the court on private dependent petition. The father was DNA tested and pursuant to Labcorp. COT-034690 [the father] is adjudicated the biological father of [the child] 99.99%. [The mother] and [the father] have reconciled. Therefore joint legal and physical custody of the minor child is vested in both parents. This matter is closed. Case removed from docket."

On August 29, 2015, the father filed a verified emergency petition for pendente lite custody. On the face of the father's August 29, 2015, petition appears a handwritten case number bearing the number of the

.01 action. In the electronic filing stamp located on the top right of the petition, however, the case number is listed as "68-CS-2015-900415.00" ("the CS action").[1] In his petition, the father asserted, among other things, that the parties had separated, and he sought an award of pendente lite custody of the child. The juvenile court entered an order[2] on September 10, 2015, that provides, in pertinent part:

> "The father has petitioned this court for pendente lite custody…. The parties have joint custody under [the .01 action]. The petition does not allege dependency so the matter shall be decided under this case number. A [guardian ad litem] report has been submitted and based upon the report and arguments of both attorneys pendente lite custody is vested in the mother and the father shall have visitation as set out in Exhibit A. This case is set for a custody trial on October 21, 2015."

---

[1]"This court has routinely treated cases with a 'CS' designation as falling within the jurisdiction of the juvenile court." L.R.S. v. M.J., 229 So. 3d 772, 776 (Ala. Civ. App. 2016). Thus, we presume that, whether the father's August 29, 2015, petition proceeded in the .01 action or in the CS action, it remained properly before the juvenile court at all times.

[2]We note that the juvenile court's September 10, 2015, order bears the case number of the .01 action, but the exhibit attached thereto bears the case number of the CS action.

Exhibit A, which was attached to the September 10, 2015, order, set out the terms to which the parties had agreed regarding visitation. On December 21, 2015, the juvenile court entered a judgment in the .01 action indicating that the parties had represented to the court that an agreement had been reached and that they did not wish to proceed to trial. In accordance with the parties' agreement, the juvenile court awarded the parties joint legal custody of the child, directed that "the [mother] shall have the primary physical custody," specified each party's parenting time with the child, and declined to award either party child support.[3]

---

[3]We note that the December 21, 2015, judgment awarded the parties approximately equal parenting time with the child and that the juvenile court declined to award child support to either party because "both parents are custodial parents and neither parent is a non-custodial parent." To the extent those provisions conflict with the award of "primary physical custody" to the mother, we note that the resolution of any ambiguities in the juvenile court's December 21, 2015, judgment or its later judgments is not pertinent to this court's resolution of the mother's argument in her petition for the writ of mandamus regarding the denial of her motion to dismiss, and, accordingly, we decline to further address the same.

On April 4, 2018, the mother filed in the juvenile court a petition to modify the custody of the child; that petition was assigned case number JU-14-678.02 ("the .02 action"). The mother sought an award of sole legal and sole physical custody of the child and an award of child support. On September 24, 2018, the juvenile court entered a judgment in the .02 action that, among other things, maintained its award of sole physical custody of the child to the mother, modified the parties' parenting time with the child while still maintaining approximately equal amounts of parenting time for each party, and, again, declined to award child support to either party because "both parents are custodial parents and neither parent is a non-custodial parent." The juvenile court included additional provisions in its September 24, 2018, judgment regarding the parties' parenting of the child.

On June 29, 2022, the father filed in the juvenile court a verified petition for a rule nisi, asserting, among other things, that the mother had denied him his custodial periods with the child in violation of the juvenile court's September 24, 2018, judgment. The father's petition was assigned case number JU-14-678.03 ("the .03 action"). On October 17,

5

2022, the mother filed a motion to dismiss the .03 action. She alleged that the father's September 19, 2014, petition in the .01 action did not sufficiently invoke the juvenile court's dependency jurisdiction, that the .01 action had been a custody dispute between the parties, and that, as a result, the juvenile court lacked subject-matter jurisdiction over the .03 action and all previous actions between the parties. Additionally, the mother filed in the .01 action a motion to set aside the judgment, pursuant to Rule 60(b)(4), Ala. R. Civ. P., based on the father's having failed to invoke the dependency jurisdiction of the juvenile court in his September 19, 2014, petition in the .01 action. On November 17, 2022, the juvenile court entered an order in the .03 action indicating that the mother's Rule 60(b)(4) challenge to the juvenile court's subject-matter jurisdiction over the earlier proceedings was untimely filed, and it stated at the close of its order "petition denied."[4] On November 29, 2022, the

_____

[4]We interpret the juvenile court's November 17, 2022, order as denying the mother's motion to dismiss filed in the .03 action and we proceed to address the mother's arguments in her petition as they relate to that denial. We decline, however, to address the mother's argument that the juvenile court erred in denying her Rule 60(b)(4), Ala. R. Civ. P.,

6

father filed a motion to set the .03 action for trial. On November 30, 2022, the juvenile court entered an order setting the case for a trial to be held on March 29, 2023. The mother filed her petition for the writ of mandamus with this court on January 9, 2023.

### Timeliness of the Mother's Petition

The mother asserts in her petition before this court that the juvenile court's November 17, 2022, order was unclear but that, upon the juvenile court's filing of its November 30, 2022, order setting the case for a trial, the mother realized that the juvenile court intended to proceed to hear the father's petition for a rule nisi, thus prompting her to file her mandamus petition with this court. Rule 21(a)(3), Ala. R. App. P., indicates that a petition for the writ of mandamus "shall be filed within a reasonable time" and that the "presumptively reasonable time for filing a petition seeking review of an order of a trial court or of a lower appellate court shall be the same as the time for taking an appeal." In the present case, it appears that, in its November 17, 2022, order, the juvenile court

---

motion as having been untimely filed because that motion was filed by the mother in the .01 action, which is not before this court.

7

implicitly denied the mother's motion to dismiss. Even assuming that the mother was uncertain of the effect of that order until the entry of the November 30, 2022, order setting the case for a trial, the reasonable time for filing a petition for the writ of mandamus from the latter order would have fallen on December 14, 2022, 14 days after the entry of the November 30, 2022, order. See Rule 4(a)(1), Ala. R. App. P.; Rule 21. The mother filed her petition with this court on January 9, 2023, well beyond that date. However, because the mother challenges the juvenile court's subject-matter jurisdiction in her mandamus petition, we may still consider the merits of her petition despite her failure to file her petition within the presumptively reasonable period prescribed by Rule 21. See Ex parte K.W., 293 So. 3d 930, 934 n.6 (Ala. Civ. App. 2019). Accordingly, we proceed to consider the merits of the mother's petition.

Analysis

The mother argues that the juvenile court erred in denying her motion to dismiss for lack of subject-matter jurisdiction.

> "The denial of a motion to dismiss for lack of jurisdiction is reviewable upon a timely filed petition for a writ of mandamus. Ex parte Flint Constr. Co., 775 So. 2d 805, 808

8

(Ala. 2000); <u>Drummond Co. v. Alabama Dep't of Transp.</u>, 937 So. 2d 56, 57 (Ala. 2006). With regard to an appellate court's consideration of a petition for a writ of mandamus, our supreme court has stated:

> "'This Court has consistently held that the writ of mandamus is an extraordinary and drastic writ and that a party seeking such a writ must meet certain criteria.  We will issue the writ of mandamus only when (1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court's jurisdiction is properly invoked.  <u>Ex parte Mercury Fin. Corp.</u>, 715 So. 2d 196, 198 (Ala. 1997).  Because mandamus is an extraordinary remedy, the standard by which this Court reviews a petition for the writ of mandamus is to determine whether the trial court has clearly abused its discretion.  <u>See</u> <u>Ex parte Rudolph</u>, 515 So. 2d 704, 706 (Ala. 1987).'

"<u>Ex parte Flint Constr. Co.</u>, 775 So. 2d at 808.  In discussing the review of a denial of a motion to dismiss for lack of subject-matter jurisdiction, the court further explained:

> "'"In <u>Newman v. Savas</u>, 878 So. 2d 1147 (Ala. 2003), this Court set out the standard of review of a ruling on a motion to dismiss for lack of subject-matter jurisdiction:

> > "'"'A ruling on a motion to dismiss is reviewed without a presumption of correctness. <u>Nance v. Matthews</u>, 622 So. 2d 297, 299 (Ala. 1993). This Court

9

must accept the allegations of the complaint as true. Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C., 828 So. 2d 285, 288 (Ala. 2002). Furthermore, in reviewing a ruling on a motion to dismiss we will not consider whether the pleader will ultimately prevail but whether the pleader may possibly prevail. Nance, 622 So. 2d at 299.'

"'"878 So. 2d at 1148-49."'

"Ex parte Alabama Dep't of Transp., 978 So. 2d 17, 21 (Ala. 2007) (quoting Pontius v. State Farm Mut. Auto. Ins. Co., 915 So. 2d 557, 563 (Ala. 2005))."

Ex parte Diefenbach, 64 So. 3d 1091, 1093 (Ala. Civ. App. 2010).

The mother argues that, because the juvenile court never adjudicated the child to be dependent in the .01 action, it lacked jurisdiction to adjudicate the child's custody in the .01 action and all subsequent actions. We disagree. Although the mother is correct that the juvenile court did not adjudicate the child dependent in response to the father's September 19, 2014, petition in the .01 action, the November 20, 2014, judgment entered in the .01 action established the father's parentage of the child. Section 12-15-115(a)(6), Ala. Code 1975, provides,

10

in pertinent part, that a juvenile court shall exercise original jurisdiction of "[p]roceedings to establish parentage of a child pursuant to the Alabama Uniform Parentage Act, Chapter 17 of Title 26." Accordingly, it appears that the juvenile court was exercising its jurisdiction pursuant to § 12-15-115(a)(6) when it established the father's paternity of the child in its November 20, 2014, judgment. Based on the materials before this court, it does not appear that the mother has challenged the juvenile court's jurisdiction on that basis at any time before either the juvenile court or this court and there is nothing before us in the materials provided with the mother's mandamus petition indicating that the juvenile court lacked jurisdiction to adjudicate the .01 action pursuant to § 12-15-115(a)(6).

Section 12-15-115(a)(7), Ala. Code 1975, provides that a juvenile court shall exercise original jurisdiction of "[p]roceedings to establish, modify, or enforce support, visitation, or custody when a juvenile court previously has established parentage." Because the father's petition in the .03 action seeks to enforce the juvenile court's judgments regarding custody and visitation related to the child, whose parentage the juvenile

11

court had previously established, the juvenile court has subject-matter jurisdiction over the father's petition in the .03 action pursuant to § 12-15-115(a)(7).

The mother also implies in her mandamus petition that the father failed to pay a filing fee along with his August 29, 2015, petition seeking pendente lite custody and that, as a result, the juvenile court did not obtain jurisdiction over that petition. We note that the mother failed to raise this argument before the juvenile court and, more importantly, we note that neither the CS action nor the .01 action are before this court. Accordingly, we decline to address the mother's argument.

Because the materials before this court do not indicate that the juvenile court lacks jurisdiction over the father's petition in the .03 action and the mother has failed to show a clear legal right to the relief sought, we deny the mother's petition for the writ of mandamus. In light of that denial, the mother's motion before this court requesting a stay of the trial setting on the father's petition in the .03 action is denied as moot.

MOTION TO STAY DENIED; PETITION DENIED.

Thompson, P.J., and Edwards, Hanson, and Fridy, JJ., concur.