Rel: September 20, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2024

_____

## CL-2024-0595

_____

### Ex parte S.C.S.

### PETITION FOR WRIT OF MANDAMUS

### (In re:  L.M.B.

### v.

### S.C.S., et al.)

### (Mobile Juvenile Court:  CS-23-900881)

HANSON, Judge.

S.C.S. petitions this court for a writ of mandamus ordering the Mobile Juvenile Court ("the juvenile court") to dismiss or to transfer a

petition to establish paternity filed by L.M.B.; S.C.S. argues that the juvenile court lacks of subject-matter jurisdiction.

Background

On December 1, 2023, L.M.B. filed a petition to establish paternity against S.C.S.  At that time, L.M.B. was an adult.  On January 8, 2024, S.C.S. filed a motion to dismiss, asserting that he was a 50-year-old married man, that L.M.B. was a 28-year-old woman with children of her own, and that he had never had sexual intercourse with L.M.B.'s mother. S.C.S. argued, among other things, that L.M.B.'s mother had not been added as a party and that L.M.B.'s paternity petition failed to assert a justiciable controversy because L.M.B. had not demonstrated a pecuniary interest, i.e., she had not sought child support (nor could she based on her age), and there was no present need to determine if L.M.B. was S.C.S.'s legal heir because he was not deceased.

On January 11, 2024, the juvenile court denied S.C.S.'s motion to dismiss, noting that § 26-17-606, Ala. Code 1975, a portion of the Alabama Uniform Parentage Act ("AUPA"), § 26-17-101 et seq., Ala. Code 1975, expressly allows an adult child to initiate a paternity action. The

juvenile court ordered the court clerk to serve L.M.B.'s mother because her mother had been named in L.M.B.'s paternity petition.

On May 3, 2024, S.C.S. filed a second motion to dismiss the paternity action. S.C.S. argued, among other things, that the juvenile court, as a court of limited jurisdiction, did not have the authority to address a paternity petition filed by an adult petitioner. He argued that, pursuant to § 26-17-104, Ala. Code 1975, of the AUPA, both circuit and district courts have jurisdiction to adjudicate paternity. He further argued that a juvenile court only has original jurisdiction over proceedings to establish parentage of a "child," which term is defined in § 12-15-102(3), Ala. Code 1975, of the Alabama Juvenile Justice Act ("AJJA"), § 12-15-101 et seq., Ala. Code 1975, as an individual under the age of majority.

On May 13, 2024, the juvenile court denied S.C.S.'s second motion to dismiss. On June 24, 2024, the juvenile court entered an order providing that, based on the testimony received at a hearing in the paternity action, S.C.S. would be required to submit to genetic testing. On July 5, 2024, S.C.S. filed a motion to reconsider. On July 11, 2024,

3

the juvenile court denied S.C.S.'s motion. On July 25, 2024, S.C.S. filed his mandamus petition in this court.

Standard of Review

Our standard of review for a petition for the writ of mandamus is well established:

> "'"The writ of mandamus is an extraordinary remedy; it will not be issued unless the petitioner shows '"'(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' "'Ex parte Inverness Constr. Co., 775 So. 2d 153, 156 (Ala. 2000) (quoting Ex parte Gates, 675 So. 2d 371, 374 (Ala. 1996)); Ex parte Pfizer, Inc., 746 So. 2d 960, 962 (Ala. 1999)."'
>
> "Ex parte Vest, 68 So. 3d 881, 884 (Ala. Civ. App. 2011) (quoting Ex parte Children's Hosp. of Alabama, 931 So. 2d 1, 5-6 (Ala. 2005))."

Ex parte M.A.G., 160 So. 3d 22, 24 (Ala. Civ. App. 2014).

The issue of subject-matter jurisdiction is reviewable by way of a petition for a writ of mandamus without regard to the reasonable time limits of a petition seeking such review. See Ex parte C.G., [Ms. CL-2023-0757, Jan. 12, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024).

Discussion

4

S.C.S. contends that he has a clear legal right to the dismissal or transfer of L.M.B.'s paternity action because, he says, under the AJJA, the juvenile court lacked subject-matter jurisdiction because L.M.B. had reached the age of majority when she commenced her paternity action. Relying on § 26-17-104 of the AUPA and Brock v. Herd, 187 So. 3d 1161 (Ala. Civ. App. 2015), S.C.S. argues that both circuit courts and juvenile courts have original jurisdiction over paternity actions in various circumstances. He further argues that while § 26-17-606 of the AUPA allows an adult to petition for a paternity adjudication, § 26-17-606 is limited to providing "standing" to an adult and that that statute did not create exclusive original jurisdiction in the juvenile court.[1]

Section 26-17-104 provides that:

---

[1]We note that the clerk of the juvenile court assigned this case a "CS" or "child support" designation, which is merely a classification description created by the Alabama Administrative Office of Courts for administrative purposes; that designation, of course, did not in and of itself confer jurisdiction on the juvenile court. See L.R.S. v. M.J., 229 So. 3d 772 (Ala. Civ. App. 2016). Moreover, § 26-17-606(b), Ala. Code 1975, provides that an action to determine paternity for the purposes of obtaining support shall not be brought after the pertinent child attains the age of 19, unless otherwise provided by law. There is no requirement in § 26-17-606(a), Ala. Code 1975, that a child in a post-majority paternity petition must have a pecuniary interest as a condition to commence such action.

"A circuit or district court of this state or any other court of this state, as provided by law, shall have original jurisdiction to adjudicate parentage pursuant to this chapter and may determine issues of custody, support, and visitation incidental to a determination of parentage. If an issue of non-parentage is raised in a domestic relations action in this state, a court of this state having jurisdiction over the domestic relations action shall have the authority to adjudicate parentage or non-parentage pursuant to this chapter."

In Brock v. Herd, supra, this court considered an appeal in a case in which the grandparents of the child at issue had filed in the Talladega Juvenile Court a petition seeking an adjudication of paternity of the child and custody of the child. The Talladega Juvenile Court had transferred the petition to the Talladega Circuit Court, which entered a judgment on the petition. On appeal, this court confirmed the jurisdiction of that circuit court to adjudicate the child's paternity, observing that § 12-15-115, Ala. Code 1975, does not indicate that a juvenile court's jurisdiction to establish the paternity of a child born out of wedlock is exclusive.

Additionally, in Ex parte Anderson, 385 So. 3d 1008, 1009-10 (Ala. Civ. App. 2023), this court discussed concurrent jurisdiction in paternity actions, stating

"In Gurganus v. Clay, 372 So. 3d 1222 (Ala. Civ. App. 2022), this court observed that § 12-15-115(a)(6), Ala. Code 1975, provides that juvenile courts shall exercise original jurisdiction -- rather than exclusive jurisdiction -- over

6

proceedings to establish the parentage of a child pursuant to the Alabama Uniform Parentage Act ('the AUPA'), § 26-17-101 et seq., Ala. Code 1975. This court noted that § 26-17-104, Ala. Code 1975, a part of the AUPA, provides, in pertinent part, that '[a] circuit or district court of this state or any other court of this state, as provided by law, shall have original jurisdiction to adjudicate parentage pursuant to [the AUPA] and may determine issues of custody, support, and visitation incidental to a determination of parentage.' See also Ex parte F.T.G., 199 So. 3d 82, 86 (Ala. Civ. App. 2015) (holding that 'under present law, juvenile courts, district courts, and circuit courts have concurrent jurisdiction to adjudicate issues of parentage and to adjudicate issues of custody, visitation, and child support incidental to an adjudication of parentage')."

(Emphasis added.)

By statute, a juvenile court has jurisdiction to adjudicate the parentage of a child under § 12-15-115(a)(6), a portion of the AJJA that references the AUPA.  Section 26-17-606 of the AUPA provides:

"(a) Except as provided in subsection (b) a proceeding to adjudicate the parentage of a child having no presumed, acknowledged, or adjudicated father may be commenced at any time, even after:

"(1) the child becomes an adult, but only if the child initiates the proceeding; or

"(2) an earlier proceeding to adjudicate paternity has been dismissed based on the application of a statute of limitation then in effect.

"(b) An action to determine paternity for the purposes of obtaining support shall not be brought after the child obtains age 19, unless otherwise provided by law."

The Uniform Comment to § 26-17-606 provides that:

"The new [Uniform Parentage Act] directs that an individual whose parentage has not been determined has a civil right to determine his or her own parentage, which should not be subject to limitation except when an estate has been closed. Accordingly, if the action is initiated by the child this section allows a proceeding to adjudicate parentage after the child has reached the age of majority. Such a proceeding is the exclusive province of the child, however. This limitation prohibits the filing of an intrusive proceeding by an individual claiming to be a parent of an adult child, or by a legal stranger. There appear to be no reported problems encountered in states without a statute of limitations for such actions."

In this case, L.M.B., who has already reached the age of majority, filed her paternity action in juvenile court. It is well settled that

"'Juvenile courts are purely creatures of statute and have extremely limited jurisdiction. See Ex parte K.L.P., 868 So. 2d 454, 456 (Ala. Civ. App. 2003). That limited jurisdiction allows a juvenile court to make a disposition of a child in a dependency proceeding only after finding the child dependent. V.W. v. G.W., 990 So. 2d 414, 417 (Ala. Civ. App. 2008) (quoting K.B. v. Cleburne County Dep't of Human Res., 897 So. 2d 379, 389 (Ala. Civ. App. 2004) (Murdock, J., concurring in the result)) ("'[I]n order to make a disposition of a child in the context of a dependency proceeding, the child must in fact be dependent at the time of that disposition.'")."

"T.B. v. T.H., 30 So. 3d 429, 431 (Ala. Civ. App. 2009) (some emphasis added)."

8

M.D. v. S.C., 150 So. 3d 210, 212 (Ala. Civ. App. 2014). Just as the AJJA allows a juvenile court to exercise original jurisdiction over proceedings to ascertain the dependency of, or terminate parental rights as to, a "child," see M.L. v. Jefferson Cnty. Dep't of Hum. Res., 362 So. 3d 1242, 1248-49 (Ala. Civ. App. 2022), the AJJA allows a juvenile court to exercise original jurisdiction over proceedings to establish the parentage of a "child." See § 12-15-115(a)(6), Ala. Code 1975. Section 12-15-102(3) of the AJJA defines a "child" as

> "An individual under the age of 18 years, or under 21 years of age and before the juvenile court for a delinquency matter arising before that individual's 18th birthday, or under 19 years of age and before the juvenile court for a child in need of supervision matter or commitment to the State Department of Mental Health or under 19 years of age and before the juvenile court for a proceeding initiated under Section 12-15-115(b)(2). Where a delinquency petition alleges that an individual, prior to the individual's 18th birthday, has committed an offense for which there is no statute of limitation pursuant to Section 15-3-5, the term child also shall include the individual subject to the petition, regardless of the age of the individual at the time of filing."

Here, the juvenile court lacked subject-matter jurisdiction to address L.M.B.'s paternity action because L.M.B., at the outset of this action, was no longer a "child" as that term is defined in the AJJA. Accordingly, any orders entered by the juvenile court in this case are void.

9

See Ex parte Norfolk S. Ry. Co., 816 So. 2d 469, 471 (Ala. 2001) (holding that an order entered by a trial court without subject-matter jurisdiction is void). Because we conclude that the juvenile court lacked jurisdiction over L.M.B.'s paternity action, we pretermit discussion of other arguments raised by S.C.S. in his mandamus petition.

Usually, if a court lacks subject-matter jurisdiction over a case, it must dismiss the case. See Ex parte N.G., 321 So 3d 655 (Ala. 2020). However, a court may transfer a case to the proper court if expressly authorized to do so and, in this case, § 12-11-11, Ala. Code 1975, provides for the transfer to the proper court of any case filed in a court that should have been brought in another court in the same county. While the juvenile court lacked jurisdiction over L.M.B.'s petition, § 26-17-104 provides that a circuit court has original jurisdiction to adjudicate parentage,[2] and our supreme court has indicated that transfer and not

---

[2]"Each judicial circuit has one circuit court, and that circuit court is a court of general, original jurisdiction in matters of both law and equity. See Ala. Const. 1901 (Off. Recomp.), Art. VI, § 142(a) ('The state shall be divided into judicial circuits. For each circuit, there shall be one circuit court having such divisions and consisting of such number of judges as shall be provided by law.') and § 142(b) ('The circuit court shall exercise general jurisdiction in all cases except as may otherwise be provided by law. ...'); Ala. Code 1975, §§ 12-11-30 & 12-11-31."

dismissal is the proper remedy in such instances. See Ex parte E.S., 205 So. 3d 1245, 1248-49 (Ala. 2015). We express no opinion as to the merits of L.M.B.'s post-majority paternity petition under § 26-17-606(a).

Based on the foregoing, S.C.S. has a clear legal right to have the post-majority paternity action filed by L.M.B. in the juvenile court not to be heard by that court. We grant his petition and issue the writ of mandamus so as to direct the transfer of L.M.B.'s action to the Mobile Circuit Court.

PETITION GRANTED; WRIT ISSUED.

Moore, P.J., and Edwards, Fridy, and Lewis, JJ., concur.

---

Ex parte Wyatt Props., LLC, 337 So. 3d 296, 307 (Ala. Civ. App. 2021),