Rel: June 13, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

## CL-2024-0691

_____

## A.N.F.

### v.

## D.F.

### Appeal from Lamar Juvenile Court
### (JU-23-107.01)

EDWARDS, Judge.

On July 21, 2023, D.F. ("the maternal great-grandmother"), the maternal great-grandmother of K.R.F. ("the child"), filed in the Lamar Juvenile Court ("the juvenile court") a petition alleging that the child was dependent as to A.N.F. ("the mother") and requesting an award of the

custody of the child. That same date, the juvenile court awarded pendente lite custody of the child to the maternal great-grandmother; the parties later entered into pendente lite agreements respecting the mother's visitation rights. After a trial on the issue of dependency held in August 2024, the juvenile court, on August 16, 2024, entered a judgment, which states, in pertinent part:

> "The Court believes the [m]other has made significant efforts to be in a place to adequately care for the … child. It believes she is willing to provide care, support and education and is willing to discharge her responsibilities to the child. There still remains a question as to whether she is able to provide those things to the child given the concerns which have remained in this case for most of its duration. The Court is not convinced the burden of dependency has been met, though.
>
> "….
>
> "The Court will then set this for review on November 9, 2024[,] at 9:00 a.m. Unless the [maternal great-grandmother] can show the [m]other has been unable to discharge her responsibilities as a [m]other or has been unable to care for and support the … child while in her care during this period then the [p]etition will be due to be dismissed."

The juvenile court also set out a graduated custodial schedule for the mother. On August 30, 2024, the mother filed a postjudgment motion directed to the judgment and a notice of appeal. The juvenile court denied

the mother's postjudgment motion on September 4, 2024, after which the mother's notice of appeal ripened. See Rule 4(a)(5), Ala. R. App. P.

The mother contended in her postjudgment motion and argues on appeal that, after it determined that the maternal great-grandmother had not clearly and convincingly proven that the child was dependent, the juvenile court lacked jurisdiction to enter any order other than one dismissing the maternal great-grandmother's dependency petition. We agree.

> "This court has consistently held that a juvenile court cannot use its dependency jurisdiction to dispose of the custody of a child unless the juvenile court finds the child to be dependent, see K.C.G. [v. S.J.R.], 46 So. 3d [499,] 501-02 [(Ala. Civ. App. 2010)] (citing, among other cases, Ex parte K.S.G., 645 So. 2d 297 (Ala. Civ. App. 1992), Ex parte J.R.W., 630 So. 2d 447 (Ala. Civ. App. 1992), E.H. v. N.L., 992 So. 2d 740 (Ala. Civ. App. 2008), and T.B. v. T.H., 30 So. 3d 429 (Ala. Civ. App. 2009)), because a juvenile court has jurisdiction only to dismiss a dependency petition if the child at issue is not adjudicated to be dependent. See Ala. Code 1975, § 12-15-310(b)."

L.R.S. v. M.J., 229 So. 3d 772, 776 (Ala. Civ. App. 2016).

The juvenile court specifically stated in its August 16, 2024, judgment that it was not convinced that the maternal great-grandmother had met the burden of establishing that the child was dependent and, in fact, stated that, unless the maternal great-grandmother could later

3

establish the child's dependency at a November 2024 review hearing, the petition would be dismissed. Thus, because the juvenile court did not find that the child was dependent at the time of the entry of the August 2024 judgment, the juvenile court did not have the authority under Ala. Code 1975, § 12-15-114(a), to enter a judgment respecting the custody of the child; pursuant to the statute, it had the authority only to enter a judgment dismissing the maternal great-grandmother's dependency petition. Accordingly, the juvenile court's judgment, insofar as it maintained the child's custody with the maternal great-grandmother and set out a graduated custodial schedule for the mother, is void. Because a void judgment will not support an appeal, we dismiss the mother's appeal, albeit with instructions that the juvenile court vacate its August 16, 2024, judgment and enter a judgment dismissing the maternal great-grandmother's petition. See L.R.S., 229 So. 3d at 777.

APPEAL DISMISSED WITH INSTRUCTIONS.

Moore, P.J., and Hanson, Fridy, and Bowden, JJ., concur.